**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL LUCERO, III,

    Defendant - Appellant.

No. 23-2190

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:23-CR-00329-MIS-1)**

_____

Submitted on the briefs:[*]

Ryan A. Ray, Norman Wohlgemuth, LLP, Tulsa, Oklahoma, for Defendant-Appellant.

Alexander M.M. Uballez, United States Attorney, and Jesse Pecoraro, Assistant United States Attorney, District of New Mexico, Albuquerque, New Mexico, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

In 2023, Manuel Lucero III, a convicted felon, pled guilty to one count of felon in possession of a firearm and ammunition. At his sentencing proceeding, the district court denied Lucero's motion for continuance and sentenced him to 120 months imprisonment based on an upward variance from a Guideline range of 57–71 months. The sentencing judge determined a sentence within the Guideline range was inapt for Lucero based on consideration of various factors under 18 U.S.C. § 3553.

On appeal, Lucero argues the sentence is procedurally and substantively unreasonable, and his motion for continuance of the sentencing hearing was improperly denied. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**. The district court adequately explained the reasons for the sentencing enhancement based on an individualized assessment of the § 3553(a) factors and the facts presented, including the violent nature of Lucero's offense and the need to afford adequate deterrence. And the district court did not abuse its discretion when it denied Lucero's request for a continuance because he was not materially prejudiced by the denial.

## I.    Background

Lucero is a 41-year-old male and a convicted felon. It is undisputed that he is prohibited from possessing a firearm or ammunition. On March 21, 2023, Lucero pled guilty to a one-count information charging him with felon in possession of a firearm and ammunition. The information derived from Lucero's alleged January 31,

2

2022 conduct: Lucero used an illegally possessed, loaded 9mm handgun and additional ammunition to threaten his ex-girlfriend, her mother, and two children.

On November 16, 2023, the day of sentencing, defense counsel moved for a continuance. Defense counsel stated he wanted to collect further evidence regarding Lucero's objections to the presentence report but noted he had been unable to do so because of his other, ongoing cases and personal circumstances. Specifically, he stated the evidence may rebut information in the presentence report supporting the U.S. Sentencing Guidelines § 2K2.1(b)(6) enhancement.[1] App. Vol. III, 53–56. The government opposed the motion because the district court had already granted defense counsel an unopposed motion for continuance less than three months prior, and further delay was needless. The government stated, however, it had no objection to defense counsel proffering the relevant facts supporting his objections to the presentence report.

The sentencing judge denied defense counsel's motion for continuance but allowed Lucero's defense counsel to proffer supporting evidence. To support his claim that the presentence report incorrectly characterized the underlying incident, defense counsel proffered Lucero's ex-spouse would testify that his ex-girlfriend, seeking revenge, falsely stated Lucero assaulted her.[2] Defense counsel also proffered

---

[1] The § 2K2.1(b)(6) enhancement applies if an individual used or possessed any firearm or ammunition in connection with another felony offense.

[2] Upon Lucero's request, the government read into the record the *nolle prosequi* from the magistrate court in Luna County, which stated Lucero's arrest and

Lucero had earned certificates of completion for various classes[3] he took while in custody.

The government then called an officer to provide testimony in support of the § 2K2.1(b)(6) enhancement to Lucero's sentence.  The officer—who wrote the investigation report for the case—testified about his investigation of Lucero's alleged conduct, including statements made by Lucero's ex-girlfriend and her mother, and his interaction with Lucero shortly after the incident.  At the close of the officer's testimony, the officer's written report was admitted without objection.  App. Vol. III, 81–82.  Lucero subsequently testified and denied the sexual abuse allegations in the presentence report.

The sentencing judge proceeded to address Lucero's objections to the presentence report.  Lucero raised three objections: (1) § 2K2.1(b)(6) enhancement is improper; (2) allegations regarding grooming behavior and sexual assault should be stricken; and (3) certain information in the presentence report, especially as it relates to the enhancement, is improper because Lucero did not have the opportunity to confront "his accusers."

First, the sentencing judge overruled Lucero's objection to the § 2K2.1(b)(6) enhancement.  The court found the government had met its "burden by a

---

charges for the underlying conduct on January 31, 2022 were dismissed because of uncooperative victims.  App. Vol. III, 60, 82–83; *see also* App. Vol. II, 89.

[3] The classes include anger management, parenting, substance abuse, and the reentry program.  App. Vol. III, 61.

preponderance to show that the firearm in this case, the 9mm Beretta [Lucero] pled guilty to possessing while a prohibited person, was possessed by him on January 31st when he committed the crime of aggravated assault against [his ex-girlfriend] and her mother in the car." App. Vol. III, 91. The sentencing judge cited the officer's report as "long, thorough, detailed, and [well] corroborated" and thus "ha[d] the minima indicia of reliability that is required for hearsay statements in sentencing." *Id.* at 91–92.

Second, the sentencing judge declined to rule on Lucero's objection regarding sexual assault allegations in the presentence report. She found that allegations of sexual abuse or grooming behavior in the presentence report were not inaccurate, and were only *allegations*—not conclusive facts or charges. Importantly, the sentencing judge noted that the sexual abuse and grooming allegations would not be considered in Lucero's sentencing.

Third, the sentencing judge overruled Lucero's confrontation objections because the right to confrontation does not apply to sentencing. Again, she determined—notwithstanding defense counsel's proffer—that hearsay statements from the officer's live testimony and reports "had sufficient indicia of reliability to prove by a preponderance these actions did happen." *Id*. at 96.

Ultimately, Lucero was sentenced to the statutory maximum of 120 months of imprisonment with 3 years of supervised release. Lucero's sentence included an upward variance from the Guidelines imprisonment range, which was 57–71 months based on an offense level of 21 and criminal history category of IV. In so doing, the

sentencing judge discussed the 18 U.S.C. § 3553 factors and determined that a Guideline range sentence was "not sufficient to reflect the seriousness of [Lucero's] offense or promote respect for the law or provide just punishment." *Id.* at 119. Neither Lucero nor his defense counsel objected to the adequacy of the sentence's explanation, despite given the opportunity to do so. *Id.* at 124.

## II.   Discussion

On appeal, Lucero argues his sentence was procedurally and substantively unreasonable, and avers his motion for continuance was improperly denied. We consider each argument in turn.

### A.   *Procedural Unreasonableness*

Lucero alleges his sentence is procedurally unreasonable because the sentencing judge: (1) inadequately explained the upward variance; (2) relied on "unsourced" information in the presentence report; and (3) improperly gave significant weight to an officer's testimony in applying the § 2K2.1(b)(6) enhancement.

We review Lucero's arguments for plain error because he did not object on procedural grounds after his sentence was imposed.[4] *United States v. Romero*,

---

[4] Although the government argues Lucero waived any challenge to the adequacy of the court's explanation, we have repeatedly found that a defense counsel's lack of objection "to the court's failure to make particularized findings . . . more closely resembles inadvertent neglect than an intentional decision to abandon a claim," especially when defense counsel "did nothing to indicate that he affirmatively wished to waive the district court's requirement to make particularized

491 F.3d 1173, 1178 (10th Cir. 2007).  We find plain error only when there is:

"(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which

seriously affects the fairness, integrity, or public reputation of judicial proceedings."

*Id.*

### 1.     First Prong: Error

As required under the first prong of plain error review, we consider whether

each alleged error is, in fact, an error.[5]

### a.     Explanation of Variance

First, Lucero argues the sentencing judge erred by failing to explain the

upward variance added to his sentence.

A district court commits a procedural sentencing error if it fails to consider

sentencing factors enumerated in 18 U.S.C. § 3553(a), or if it fails "to offer an

individualized assessment of how the factors apply in a particular criminal

defendant's case."  *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013)

(citing *Gall v. United States*, 552 U.S. 38, 50–51 (2007)).  "[A]lthough a district

court must provide reasoning sufficient to support [a] chosen variance, it need not

necessarily provide 'extraordinary' facts to justify any statutorily permissible

---

findings."  *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1264 (10th Cir. 2013);
*see also United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019).

[5] Lucero's brief focuses on arguments as to prong one of plain error review
and thus we address his arguments accordingly.

sentencing variance, even one as large as . . . 100%." *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008) (quoting *Gall*, 552 U.S. at 47).

Contrary to Lucero's arguments, the sentencing judge provided an individualized assessment of the § 3553(a) factors. The court considered the nature and circumstances of the offense, which led it to characterize Lucero's conduct as "an egregious case of felon in possession," App. Vol. III, 116, as well as Lucero's history and characteristics which include a long history of criminal conduct. As for deterrence, the sentencing judge noted that Lucero, despite being convicted of multiple offenses, "continued to commit crimes, including crimes with weapons and crimes against women and violent crimes." *Id*. at 118–19. Accordingly, the sentencing judge determined "a Guidelines sentence is not sufficient" when considering factors like seriousness of his conduct and offense, Lucero's prior criminal history and deterrence, and public interest. *Id.* at 119.

To this point, Lucero argues the sentencing judge "focused inordinate attention" on the relevant conduct and his prior criminal history, which were already accounted for by the Guidelines. That argument is unavailing since "[u]nder current precedent, district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory [G]uidelines range." *United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018). Moreover, we find no error here because the sentencing judge explicitly stated she was "only sentencing [Lucero] for his behavior in this case," and "considering his prior criminal conduct" only insofar as to fashion a

8

sentence that was "sufficient to meet the purposes [of] and comply with the [§] 3553(a) factors." App. Vol. III, 120.

We see no plain error in the sentencing judge's determination and explanation of the upward variance.

### b.    *Consideration of Information in the Presentence Report*

Second, Lucero avers the sentencing judge erroneously considered unreliable information in the presentence report. He states certain information in the report does not "provide an account of the events from any percipient witness with actual personal knowledge of the underlying facts" and argues the information's sources remain unclear. *See, e.g.*, Aplt. Br. 5, 15. Lucero, for example, states information regarding the violent nature in his prior offenses are "unsourced." *Id.*

Critically, however, Lucero did not raise objections to such information, or any other facts surrounding his previous criminal convictions, in the presentence report during his sentencing proceeding. It is well established that "[i]f a defendant fails to specifically object to a fact in the [presentence report], the fact is deemed admitted by the defendant and the government need not produce additional evidence in support of the admitted fact." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (citation omitted). Moreover, "district courts are free to accept uncontested facts contained in the [presentence report] for purposes of sentencing." *United States v. Robertson*, 568 F.3d 1203, 1214 (10th Cir. 2009) ("Rule of Criminal Procedure 32(i)(3)(A) . . . expressly allows district courts to accept any undisputed portion of the presentence report as a finding of fact.").

9

Because such an objection was not raised at the sentencing proceeding,[6] we find the sentencing judge did not err in relying on information in the presentence report.

### c.    Consideration of the Officer's Testimony

Third, Lucero argues the sentencing judge erroneously considered the officer's testimony to justify the § 2K2.1(b)(6) enhancement.  He argues the officer did not have personal knowledge of relevant underlying facts and relied upon "several layers of hearsay" in both his testimony and report.  Aplt. Br. 23.

Unlike in other proceedings, district courts are not strictly bound by the Federal Rules of Evidence at sentencing hearings.  Instead, "hearsay statements may be considered at sentencing if they bear some minimal indicia of reliability." *United States v. Ruby*, 706 F.3d 1221, 1228–29 (10th Cir. 2013) ("Corroborating evidence is often key to determining whether a statement is sufficiently reliable.").

Here, the sentencing judge began by finding the officer's report to be "long, thorough, detailed, and . . . corroborated" because the statements made by the ex-girlfriend and her mother were consistent.  She also determined there was a "fair and full account of the circumstances surrounding the disputed facts," and noted the 9mm Beretta firearm attributed to Lucero by his ex-girlfriend was found in Lucero's home.  Based on the corroborating evidence, the sentencing judge found the officer's

---

[6] To be sure, the sentencing judge addressed Lucero's objections regarding allegations of grooming behavior and sexual assault in the presentence report and determined that such information would not be considered conclusive, nor would they be considered in sentencing.  App. Vol. III, 111.

report and testimony possessed the minimal indicia of reliability required for hearsay statements.

We agree.  The sentencing judge did not err in applying the enhancement because the government demonstrated by a preponderance of the evidence that Lucero possessed the firearm in question when he committed aggravated assault and threatened his ex-girlfriend, her mother, and two children.[7]  Moreover, fatal to Lucero's argument is the fact that he did not object to the officer's report being admitted as evidence during sentencing.

We find no error where the sentencing judge relied upon an unopposed report in the record and testimony that was corroborated by supporting evidence.

### 2.    Third Prong: Affects Substantial Rights

Even if Lucero were to adequately demonstrate there was a plain error, he still fails to satisfy the third prong—that the plain error affects Lucero's substantial rights.

An error does not affect substantial rights unless it is prejudicial, meaning there is "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)).  In the sentencing context, a defendant "can make this showing by

---

[7] The § 2K2.1(b)(6) enhancement applies if an individual used or possessed any firearm or ammunition in connection with another felony offense, "regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1(b)(6) App. Note 14.  Accordingly, it is irrelevant that no official charge or conviction was brought against Lucero for the underlying conduct.

11

demonstrating a reasonable probability that had the district court applied the [proper] sentencing framework, he would have received a lesser sentence." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005).

"The party that failed to raise the issue below bears the burden of establishing this probability.  When that party fails to advance any argument that its substantial rights were affected, it fails to satisfy this burden." *United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008).  Here, that party is Lucero.  But Lucero's brief is void of supporting arguments which demonstrate there is a reasonable probability he would have received a lesser sentence but for the district court's error.  We decline to fashion arguments in his favor.

In sum, Lucero fails to demonstrate his sentence was procedurally unreasonable under plain error review.

### B.    Substantive Unreasonableness

Next, Lucero argues his sentence is substantively unreasonable because: (1) the sentencing judge did not provide an adequate explanation; (2) the sentencing judge considered Lucero's relevant conduct and prior criminal history already accounted for in the Guideline range; and (3) his sentence is higher than the national average of those similarly situated.

We review for abuse of discretion, focusing on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sample*, 901 F.3d 1196, 1199 (10th Cir. 2018) (citation omitted).  "[W]e uphold even substantial variances when

the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *United States v. Gross*, 44 F.4th 1298, 1304 (10th Cir. 2022). "A defendant normally bears the burden of rebutting this presumption in light of the § 3553(a) factors." *Chavez*, 723 F.3d at 1233 (citation omitted).

Lucero fails to satisfy his burden. As required, the sentencing judge considered Lucero's offense conduct and history and characteristics, and determined a sentence above the Guidelines range was warranted. That determination is within the sentencing judge's discretion. *See Gall*, 552 U.S. at 59 ("But the Guidelines are not mandatory, and thus the 'range of choice dictated by the facts of the case' is significantly broadened. Moreover, the Guidelines are only one of the factors to consider when imposing sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment."). As explained above, we find the sentencing judge provided adequate justification for Lucero's sentence and upward variance. For example, a substantial variance was deemed necessary to deter Lucero from further criminal conduct, especially in light of his lengthy and violent criminal history (*i.e.*, repeated charges of aggravated assault, aggravated battery, and battery), and reflect the seriousness of his offense. And as previously noted, related conduct and prior criminal history can be considered relevant for multiple § 3553(a) factors, even if "those facts are already accounted for in the advisory guidelines range." *Barnes*, 890 F.3d at 921.

Still, Lucero argues his sentence is an unwarranted sentence disparity based on the U.S. Sentencing Commission's comparative data included in the presentence

report. He avers "99% of the defendants with a Criminal History Category of IV and a Final Offense Level of 21, like [himself], who received a sentence of imprisonment in whole or in part received an average length of imprisonment of 55 months and a median length of imprisonment of 57 months" whereas he "received a sentence more than twice the average length for those similarly situated." Aplt. Br. 21–22.

Indeed, "[s]ection 3553(a)(6) requires judges to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Gall*, 552 U.S. at 54. But reports on national averages are not dispositive because they do not provide information into a defendant's individual history and characteristics, and Lucero does not explain how he is similarly situated with those of the national average.[8] Moreover, the sentencing judge noted there was "no showing there is a sentencing disparity" between Lucero and defendants with similar records found guilty of similar conduct. The sentencing judge further acknowledged that even "if there was a sentencing disparity, . . . it is warranted . . . by [Lucero's] actions in this case and his long criminal history . . . [and] prior criminal conduct." App. Vol. III, 120. *See United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006) ("The sentencing court . . . 'is not required to consider individually each factor listed in § 3553(a),' nor is it required to 'recite any

---

[8] *See United States v. Willingham*, 497 F.3d 541, 544–45 (5th Cir. 2007) ("The averages in the [U.S. Sentencing Commission's] Report disregard individual circumstances and only reflect a broad grouping of sentences imposed on a broad grouping of criminal defendants; consequently, they are basically meaningless in considering whether a disparity with respect to a particular defendant is warranted or unwarranted.").

magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider' before issuing a sentence." (citation omitted)); *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) ("We do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553(a)] factors that Congress has instructed it to consider." (citation and internal quotation marks omitted)).

In conclusion, we do not find Lucero's sentence, which is the statutory maximum, to be an abuse of discretion.

## C.    Motion for Continuance

Lastly, Lucero argues his motion for continuance was improperly denied despite his need for additional mitigating evidence and testimony.

We review the denial of a motion for continuance for abuse of discretion based on individual circumstances of the case. *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019). Four factors are relevant in reviewing a denial of a motion for a continuance: (1) diligence of the party seeking the continuance; (2) likelihood the continuance, if granted, would have accomplished the stated purpose; (3) inconvenience to the opposing party, witnesses, and the court; and (4) need for the continuance and any harm resulting from its denial. *Id.* We "only find error if the district court's decision was 'arbitrary or unreasonable and materially prejudiced' the defendant." *Id.*

The four factors weigh against Lucero. *First*, Lucero's defense counsel lacked diligence because he moved for a continuance at sentencing, admitting he did not timely retrieve relevant evidence prior to the day's proceeding. In fact, when asked why the documents were not retrieved a few months earlier (when the first, unopposed continuance motion was granted), defense counsel noted he "just put it on the back burner." App. Vol. III, 58. We agree with the sentencing judge that there was "ample time to gather all . . . information and file whatever [Lucero] [wanted]." *Id.* at 61.

*Second*, it is unlikely the continuance would have been helpful because relevant information was obtained by a proffer. Moreover, defense counsel stated there "may[ be] some documents" that would be helpful to Lucero; but there was no guarantee such evidence actually exists or would be retrieved.

*Third*, a continuance would have been an inconvenience to the court and relevant parties because it would have caused further delay of the case. An unopposed motion for continuance was already granted a few months prior, and defense counsel moved for this continuance only after the court began its proceedings, with all parties present in the courtroom.

*Finally*, because the sentencing judge considered Lucero's proffer in determining Lucero's sentence, we find no prejudice from the denial of his continuance motion. *See* App. Vol. III, 112 ("I'm considering all of the proffered evidence as if it was brought today in court, but I'm denying the motion to continue . . . .").

16

In sum, we find the district court did not abuse its discretion in denying the motion for a continuance.

## III.   Conclusion

For the foregoing reasons, we affirm the district court's judgment.

No. 23-2190, *United States v. Lucero*

**McHUGH,** Circuit Judge, concurring:

I write separately in response to Mr. Lucero's argument that his 120-month sentence was substantively unreasonable.[1] We review the substantive reasonableness of a sentence for abuse of discretion, *United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008), but in so doing we must ensure our substantive review is not "regarded as a rubber stamp," *id.* Under this standard, a major variance from the Guidelines range—such as the variance here—"should be supported by a more significant justification than a minor one." *United States v. Gall*, 552 U.S. 38, 50 (2007). In pronouncing an above-Guidelines sentence, a district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* "[T]he adequacy of the court's consideration and explanation of the § 3553(a) factors is the keystone of our analysis." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018).

Mr. Lucero first argues his sentence is substantively unreasonable because the district court placed heavy weight on the offense conduct and his criminal history in deciding to vary upwards, even though both factors "were already accounted for in the [Guidelines] range." Appellant's Br. at 21. The majority rejects this argument, holding it was "within the [district court's] discretion" to impose an upward variance

---

[1] I join the majority's well-reasoned rejection of Mr. Lucero's arguments for procedural unreasonableness and his argument concerning the denial of his motion for continuance.

on account of "Mr. Lucero's offense conduct and history and characteristics." Maj. Op. at 12. To be sure, district courts have great discretion to vary from the Guidelines range. *Barnes*, 890 F.3d at 916. And the district court is free to consider facts that have also impacted calculation of the Guidelines range. *Id.* at 921. However, we have repeatedly held that a district court can abuse its discretion by placing "excessive" weight on a single factor, including a defendant's past conduct. *See United States v. Allen*, 488 F.3d 1244, 1259 (10th Cir. 2007) (reversing because the district court placed unreasonable weight on the defendant's "unrelated, unadjudicated, and dissimilar actions" that bore no similarity to the offense of conviction); *United States v. Crosby*, 119 F.4th 1239, 1249 (10th Cir. 2024) (reversing because the district court "almost entirely" focused on one factor and ignored other relevant factors); *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019) (reversing on account of the district court's "nearly exclusive focus" on one factor); *United States v. Sample*, 901 F.3d 1196, 1200 (10th Cir. 2018) (holding "the district court's reliance on [one factor] as overriding all other sentencing considerations exceeded the bounds of permissible choice").

Even so, I agree that the district court did not abuse its discretion here by placing great weight on the conduct underlying Mr. Lucero's offense of conviction and on his criminal history. Mr. Lucero's history indicates that his offense, and the conduct underlying it, is but another episode in a long saga of abusive, violent behavior. *See United States v. Gross*, 44 F.4th 1298, 1305 (10th Cir. 2022) (holding that a variance was reasonable given the defendant's many "years of assaults and

2

violent behavior toward others"). This is not a case in which Mr. Lucero had a distant history of violence and then committed a nonviolent offense that bears no similarity to his past conduct. Rather, Mr. Lucero has abused all of his domestic partners, and his criminal record is replete with instances of violent conduct. Against that background, the district court reasonably concluded that a major upward variance was warranted because the offense conduct demonstrates that Mr. Lucero is likely to commit more acts of violence in the future. *See, e.g.*, *Pinson*, 542 F.3d at 836, 838 (affirming a major upward variance based on the defendant's violent history because that history was reflected in the offense of conviction and indicated a strong likelihood of recidivism).

Second, Mr. Lucero argues his sentence was substantively unreasonable because he "received a sentence more than twice the average length for those similarly situated." Appellant's Br. at 22. In making this argument, Mr. Lucero cites statistics from the U.S. Sentencing Commission's Judiciary Sentencing Information ("JSIN") database, which show that defendants sentenced under the same Guideline with the same offense level (21) and criminal history category (IV) as Mr. Lucero received an average sentence of 55 months. Mr. Lucero asserts that the district court did not afford sufficient weight to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), because his 120-month sentence was significantly greater than the average sentence given to similarly situated defendants.

In rejecting this argument, the majority opines that "reports on national averages do not provide information into a defendant's individual history and

3

characteristics" and are, thus, irrelevant to whether a particular defendant such as Mr. Lucero is "similarly situated" to "the national average." Maj. Op. at 13–14. But we have emphasized that the sentencing disparities district courts must consider under § 3553(a)(6) are "*nationwide* disparities," which indicates that national statistics such as the JSIN data can be relevant to whether a particular sentence is disparate from a national average. *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020). Indeed, the Sentencing Commission recently created the JSIN database "at the request of judges" to "provide[] quick online access to sentencing data for *similarly situated defendants*." *See* United States Sentencing Commission, *Annual Report 2023*, https://perma.cc/MKW8-LBG9 (emphasis added); *see also United States v. Brewster*, 116 F.4th 1051, 1062 (9th Cir. 2024) ("The JSIN data came from a reliable source designed specifically for judges to use during sentencing to fulfill their obligations under § 3553(a)(6)."). Thus, while the JSIN data do not dictate a particular decision, in my view, they are relevant to this factor.

The district court did not find that the data inadequately portray how similar offenders are sentenced—rather, it did not consider the data at all.[2] *See* ROA Vol. III

---

[2] In *Garcia*, we stated that "bare national statistics do not shed light on the extent to which the sentences that the statistics pertain to involve defendants that are similarly situated." *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020). And we found that the statistics presented by the defendant were not comparative, because those statistics covered all "firearms defendants" whereas the defendant was convicted specifically for felon in possession of a firearm. *Id.* at 1214–15. Mr. Lucero was similarly convicted as a felon in possession, and the JSIN data broadly survey defendants convicted of a wider range of conduct than mere possession. *See* U.S.S.G. § 2K2.1 ("Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition;

at 120 (stating "[t]here's been no showing there is a sentencing disparity"). To the extent the district court ruled in the alternative that any disparity was "warranted in this case," *id.*, this "relatively brief explanation" was divorced from pertinent information in the record and "does little to assist us in understanding" the court's reasoning, *Cookson*, 922 F.3d at 1094. It therefore fails to inform us for purposes of appellate review of the court's "significant justification" for the major variance. *Gall*, 552 U.S. at 50.

Although the district court's explanation on this issue is deficient, I agree with the majority that the sentence should be upheld. *See Barnes*, 890 F.3d at 916 ("[T]he court need not rely on every single factor—no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one."). The district court reasonably relied on Mr. Lucero's egregious conduct underlying the offense of conviction and his long history of similar conduct. As the majority explains, Mr. Lucero's conduct implicates several other statutory factors, namely § 3553(a)(1) and (2). The district court thus did not abuse its discretion by varying upwards based on those factors. *See, e.g.*, *Gall*, 552 U.S. at 51 (requiring that we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance").

---

Prohibited Transactions Involving Firearms or Ammunition"). But the district court did not find that the JSIN data were not sufficiently comparative. Rather, it ignored the data completely.

Accordingly, for the reasons above, I concur that Mr. Lucero's sentence was substantively reasonable.