FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ELBERT ANDREW FULLER, JR.,

  Defendant - Appellant.

No. 24-7013
(D.C. No. 6:22-CR-00166-KS-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Elbert Fuller was sentenced to a total of 308 months of imprisonment after pleading guilty to charges of assault with a dangerous weapon and child abuse. Fuller argues his sentence is procedurally unreasonable because the district court relied on a clearly erroneous view of the facts. Specifically, he argues the court improperly assumed Fuller used his tribal identity and his mental health issues as a defense to his crimes.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 1291, we **AFFIRM**. Fuller did not object to his sentence on procedural reasonableness grounds during his sentencing hearing and thus he was required to argue plain error on appeal. He failed to do so, instead improperly arguing that we must review for abuse of discretion. Fuller therefore waived his only grounds for appeal.

## I.    Background

### A.    *Fuller's Offense Conduct*

A 911 call was made by Fuller's sister requesting assistance at her mother's home located in Indian Country. She stated she and Fuller got into an altercation, leading Fuller to draw and shoot a .22 caliber revolver. Fuller's one-year-old daughter was also present during the confrontation. Escaping, Fuller's sister called the police from a locked bathroom. While she was on the phone, Fuller left the home carrying his infant daughter.

The first responding officer, M.P., encountered Fuller carrying his child outside his home. Fuller began shouting death threats and pointed his firearm towards the officer, at which point M.P. attempted to drive away. Fuller fired three shots at the fleeing vehicle, striking the patrol car with each shot. Once out of the line of fire, M.P. radioed for backup.

A second officer, T.S., also responded to the 911 call and arrived at the residence as M.P. drove away. T.S. then noticed Fuller standing outside the home holding both a firearm and child. Fuller fired a round at T.S.'s vehicle as he drove past. T.S. stopped his patrol car, exited the vehicle, and took up a defensive position.

From this vantage, T.S. witnessed Fuller's sister exit the home and Fuller shove his daughter towards her.

At this point, Fuller turned around and began walking towards T.S. with his gun drawn, demanding the officer call the "Cherokee Marshals." T.S. drew his duty weapon and commanded Fuller to drop his gun. Rather than comply, Fuller aimed at T.S. and pulled the trigger twice—the gun misfired both times. Only then did Fuller throw the gun aside while continuing to advance towards the officer. Fuller pulled out his wallet to show his tribal identification card and continued his demands for the Cherokee Marshals while walking towards the officer.

Once close enough, T.S. holstered his weapon and attempted to take Fuller into custody. Fuller punched the officer in the face and the two men went to the ground in a struggle. This drew a response from a third officer, T.R., who had just arrived on the scene. While trying to intervene, T.R. witnessed Fuller reaching for something. Fuller then drew a knife and attempted to stab T.S. During the scuffle, Fuller bit T.R.'s arm. The officers were eventually able to disarm and arrest Fuller.

### B.     Fuller's Guilty Plea & Sentencing Hearing

Fuller was federally indicted as an Indian for acts within Indian Country for the following charges: (1) Assault with Intent to Commit Murder in Indian Country (Count One); (2) Child Abuse in Indian Country (Count Two); (3) Child Neglect in Indian Country (Count Three); (4) Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country (Counts Four, Five, and Six); and (5) Use, Carry, Brandish, and Discharge of a Firearm During and In Relation to a Crime of Violence

3

(Count Seven).  Fuller pleaded guilty to all seven counts charged in the indictment without a plea agreement.

Based on the indictment, Fuller faced a guidelines range of 308–355 months of imprisonment.  Neither party objected to the presentence report, which included information about Fuller's "long history of mental health issues and treatment." R. Vol. II, 44.

At the sentencing hearing, the government argued Fuller lacked the ability to control his mental health issues and violent offenses despite receiving relevant treatment since he was a young child.  The government stated an imprisonment sentence within the middle to top of the guidelines range was appropriate.

Fuller, on the other hand, requested a downward variance to 188 months. Defense counsel argued two main points.  First, though emphasizing that Fuller's mental health struggles do not excuse his conduct, counsel urged the court to consider Fuller's history and characteristics in imposing a lower sentence.  Counsel noted Fuller pleaded guilty to all seven counts and stated he is "not trying to not accept responsibility for his actions."  R. Vol. III, 41.  Second, counsel requested the court to consider the nature and circumstances of the offense, which began with Fuller's "mental episode."  *Id.*  Counsel underscored that Fuller has the "ability to shift from his offense behavior to rational action" given Fuller stopped shooting and pulled out his tribal identification card from his wallet to ask for the Cherokee Marshals to be called.  Aplt. Br. 13; R. Vol. III, 39 ("Fuller fired gunshots at the police cars as they drove by, but when they stopped and took a defensive position,

4

. . . he gave his child to his sister, walked across the street, . . . [and] pulled out his ID . . . to let the police know that they didn't actually have jurisdiction . . . .  So he was able to shift from firing a weapon to trying to be reasonable with the police and showing him his ID in an instant.").

Unpersuaded by either party's argument, the court sentenced Fuller to 308 months of imprisonment, the very bottom of the advisory range.[1]  In imposing this sentence, the district court explained it had "considered the nature and circumstances of the offense as well as [Fuller's] characteristics and criminal history[,]" in addition to the 18 U.S.C. § 3553(a) factors.  R. Vol. III, 49–50.  The court then asked Fuller if he had any questions about his sentence, to which Fuller said "No, sir."  *Id.* at 51.

The court added that it understood Fuller's behavior, "[r]unning over to the officer after your gun and his gun misfired and showing your identification," as Fuller "trying to use [his tribal] identity to get off for the things that [he had] done."  *Id.*  In reference to Fuller's lengthy history of mental health treatment, the court stated that continuously "claiming this as a defense for [him] violating the law . . . makes it much more difficult on the [c]ourt to overlook the—and not hold [Fuller] accountable for the horrific acts that occurred."  *Id.*  The court asked Fuller if he understood.  Fuller replied affirmatively.  When the court asked if Fuller had any

---

[1] Fuller received a 188-month imprisonment sentence on Counts One, Two, and Three and a 120-month sentence on Counts Four, Five, and Six to be served concurrently with each other.  R. Vol. III, 46.  And for Count Seven, Fuller received a 120-month imprisonment sentence to run consecutive to Counts One through Six.  *Id.*

questions about the court's statement, Fuller said no. Fuller's counsel also stated he did not have any questions about the court's final comments.

## II.     Discussion

Fuller argues his sentence is procedurally unreasonable because the district court depended upon two factually erroneous statements which "evidently informed the court's choice of sentence." Aplt. Br. 18. He argues the district court erroneously determined that: (1) Fuller showed his tribal identification to "get off" for his conduct, and (2) Fuller was using his mental health issues and treatment as a "defense" to Fuller's conduct. *Id.* at 18–19.

### A.     *Plain Error Review*

Generally, we review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). To that end, we review factual findings for clear error and legal determinations de novo. *United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023). Where the defendant failed to raise an objection below, however, we review the issue only for plain error. *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

Fuller forfeited his argument below by not objecting on procedural grounds after his sentence was imposed, and thus plain error applies. The district court explicitly gave Fuller two opportunities to raise such objections: after his sentence was imposed and again after the district court made the comments to which Fuller takes issue. R. Vol. III, 51–52. The court also asked if defense counsel had any questions about the court's findings. Counsel said no, raising no objection. *Id.*

In sum, the court offered Fuller multiple opportunities to voice disagreement or raise an objection; Fuller failed to do so each time. As a result, plain error applies.

### B.    Failure to Argue Plain Error

"When a party fails to raise an argument below, we typically treat the argument as forfeited." *Leffler*, 942 F.3d at 1196 (quoting *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011)). If an appellant raises a forfeited argument on appeal, their claim succeeds only "if the appellant can satisfy our rigorous plain-error test." *Id.* (citing *United States v. Kearn*, 863 F.3d 1299, 1305 (10th Cir. 2017)). And "[w]hen an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived . . . and decline to review the issue at all—for plain error or otherwise. *Id.* (citing *Richison*, 634 F.3d at 1130–31) ("Under such circumstances, 'the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument . . . not first presented to the district court.'" (quoting *United States v. Lamirand*, 669 F.3d 1091, 1100 n.7 (10th Cir. 2012))).

Because Fuller failed to raise the issue below, he was required to argue plain error[2] in his opening brief. He did not. Instead, Fuller argued the district court's sentence was procedurally unreasonable and thus we must review for abuse of

---

[2] We find plain error only when there is: "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

discretion.  In doing so, Fuller merely stated the district court's factual findings were "clearly erroneous."  *See, e.g.*, Aplt. Br. 18.

Nowhere in his brief does he demonstrate, for example, that the district court's alleged error affects his substantial rights, a requirement under plain error review. "An error does not affect substantial rights unless it is prejudicial, meaning there is 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *United States v. Lucero*, 130 F.4th 877, 886 (10th Cir. 2025) (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005)).  "In the sentencing context, a defendant 'can make this showing by demonstrating a reasonable probability that had the district court applied the [proper] sentencing framework, he would have received a lesser sentence.'" *Id.* (quoting *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005)).  Fuller's failure to brief this requirement is fatal because "[t]he party that failed to raise the issue below bears the burden of establishing this probability.  When that party fails to advance any argument that its substantial rights were affected, it fails to satisfy this burden." *Id.* (quoting *United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008)).

Even so, "we have left open the door for a criminal defendant to argue error in an opening brief and then allege plain error in a reply brief after the [g]overnment asserts waiver." *Leffler*, 942 F.3d at 1198 (citing *United States v. MacKay*, 715 F.3d 807, 831 n.17 (10th Cir. 2013)).  But Fuller stood his ground in his reply brief, arguing that plain error review does not apply because the issue was preserved

despite a lack of objections at the hearing.  Fuller's contention rests on the idea that the district court's "clearly erroneous finding of fact" is self-preserving because a "litigant has no obligation to object as to the correctness of a finding actually made." Aplt. Reply Br. 3.  Fuller's cited sources, however, do not support such a rule. Moreover, Fuller incorrectly argued in his reply brief that it is the government's burden to demonstrate that the court's alleged error affected his substantial rights, *id.* at 15, contrary to our case law, *see Lucero*, 130 F.4th at 886 (quoting *Mendoza*, 543 F.3d at 1194).

Because Fuller failed to object at his sentencing hearing and failed to argue plain error in his opening and reply briefs, he waived his right of appeal on the procedural reasonableness of his sentence.[3]

## III.   Conclusion

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[3] The government argues that, even if he did not waive his appeal, Fuller fails to show that the district court plainly erred.  Gov't. Br. 18.  And even if we were to find plain error, the government argues resentencing would be unjustified as any error was harmless.  *Id.* at 14, 25.  While we resolve the case under a theory of waiver, we agree that any alleged error, even if plain, did not affect Fuller's substantial rights because he cannot demonstrate he would have received a lesser sentence but for that alleged error.  *See Trujillo-Terrazas*, 405 F.3d at 819.