**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY MILLER,

    Defendant - Appellant.

No. 25-5122
(D.C. No. 4:24-CR-00127-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Defendant-Appellant Gregory Miller pled guilty to one count of production of

child pornography in violation of 18 U.S.C. § 2251(a) and (e).  He now appeals from

(1) the denial of his motion to withdraw his guilty plea and (2) his sentence, which he

claims was procedurally and substantively unreasonable.  Exercising jurisdiction

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**Background**

The parties are familiar with the facts, so we need not restate them at length

here.  Suffice it to say that, between March and April 2021, Mr. Miller allegedly

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

made his then-eight-year-old stepdaughter pose for scores of sexually explicit photos and videos.  II R. 447–48.  A federal grand jury indicted Mr. Miller after law enforcement discovered the material on his devices.  Id.; I R. 19–20.

After initially pleading not guilty, Mr. Miller filed a petition in December 2024 to change his plea to guilty and appeared by consent before a magistrate judge to do so.  I R. 41, 43–47.  At the hearing, the judge conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11 and accepted his plea.  Id. at 22–39.  He pled guilty without a plea agreement in place.  Id. at 45.  In February 2025, after the Probation Office completed Mr. Miller's presentence investigation report (PSR), II R. 442–57, Mr. Miller sought to withdraw his plea, III R. 55–56.  As a result, the district court appointed new counsel who filed a motion to do so.  I R. 50, 52–57.  After holding a hearing at which Mr. Miller testified, id. at 59–106, the district court denied his motion, id. at 107–19.  It then sentenced him to 360 months' imprisonment.  Id. at 142–43.  Other pertinent facts appear as we address Mr. Miller's specific contentions on appeal.

## Discussion

Mr. Miller argues that the district court erred in denying his motion to withdraw his guilty plea and that his sentence was procedurally and substantively unreasonable.  Aplt. Br. at 11–14.  We address each claim below.

2

**A. Withdrawal of Guilty Plea.**

A defendant may withdraw a plea after the court accepts it but before sentencing if "the defendant can show a fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). When determining whether the defendant has made that showing, the district court considers the following, known as the <u>Gordon</u> factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." <u>United States v. Hamilton</u>, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting <u>United States v. Gordon</u>, 4 F.3d 1567, 1572 (10th Cir. 1993)). If the first, fifth, and sixth factors all weigh against the defendant, the court need not consider the other factors. <u>Id.</u> at 1217.

We review the district court's application of these factors for abuse of discretion, except for "whether the plea was knowing and voluntary and, if reviewable on direct appeal, whether counsel provided effective assistance[,]" which we review de novo. <u>United States v. Marceleno</u>, 819 F.3d 1267, 1272 (10th Cir. 2016). Motions to withdraw pleas before sentencing "are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude." <u>United States v. Carr</u>, 80 F.3d 413, 419 (10th Cir. 1996). However, we will not reverse a district court's denial "unless it acted unjustly or unfairly." <u>Marceleno</u>, 819 F.3d at 1272 (citation modified).

Here, the district court found that the first, fifth, and sixth factors all weighed against Mr. Miller and thus declined to address the other factors and denied his motion. I R. 115–19. Mr. Miller asserts that the district court erred in so holding and that the other factors also weigh in his favor. Aplt. Br. at 17–34. We disagree.

### 1. Assertion of Innocence.

We begin with the first Gordon factor: whether Mr. Miller asserted his innocence. Mr. Miller sought to withdraw his guilty plea because he claimed that he "did not do" the acts the government alleged. I R. 69–70. After reviewing the record, the district court found that the first factor did not weigh in Mr. Miller's favor because it did not find his assertion of innocence credible. Id. at 115–17. Mr. Miller argues that the district court applied the wrong standard in assessing the first Gordon factor. Therefore, we begin by discussing our case law on that factor before addressing Mr. Miller's argument.

In United States v. Hickok, 907 F.2d 983 (10th Cir. 1990), in explaining that in some circumstances, claiming innocence is not enough to warrant reversal, we said that a defendant's mere "assertion of [his] subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." 907 F.2d at 985 n.2. Then, in United States v. Carr, 80 F.3d 413 (10th Cir. 1996), we stated that the defendant need only "assert his innocence" for the first factor to weigh in his favor. 80 F.3d at 420 (citation modified). But we clarified in several subsequent decisions that the defendant's assertion of innocence must be credible, relying on Hickok for support. E.g., Marceleno, 819 F.3d at 1273; United States v. Byrum, 567 F.3d 1255,

4

1264–65 (10th Cir. 2009); United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007). In other words, the defendant must present some colorable basis to support his claim of innocence. See Marceleno, 819 F.3d at 1274–76.

Mr. Miller argues that the district court should have applied Carr, decided in 1996, instead of the post-Carr credibility standard. Aplt. Reply Br. at 2–4; see also Aplt. Br. at 20–22. He asserts that "Carr controls as the earliest decision, [so] this court is bound by it [and] not those later decisions." Aplt. Reply Br. at 3. While it is true that Carr precedes Marceleno, Byrum, and Hamilton, Hickok, decided in 1990, precedes Carr. Therefore, we are not bound by Carr, and to the extent that there is any conflict between Hickok and Carr, we follow Hickok and our later case law in accord with Hickok. See United States v. Suggs, 998 F.3d 1125, 1137 (10th Cir. 2021). We also find Carr to be of limited guidance on this point given it did not provide any analysis or reasoning for its conclusion that a mere subjective assertion of innocence was enough to satisfy the first Gordon factor, particularly in light of Hickok. Thus, we conclude the district court applied the correct standard.

We must next determine whether the district court abused its discretion by finding that Mr. Miller's assertion of innocence was not credible. Marceleno, 819 F.3d at 1274. In so holding, the district court noted Mr. Miller's claim that he maintained his innocence throughout the proceedings was directly contradicted by the record, namely his petition to enter a plea of guilty and the thorough Rule 11

5

colloquy conducted by the magistrate judge.[1]  I R. 115.  Based on our review of the record, we see no indication that the district court erred in reaching that conclusion. See United States v. Wilcox, No. 20-7047, 2022 WL 2253948, at *4 (10th Cir. June 23, 2022) (holding the district court did not abuse its discretion by finding the defendant's assertion not credible "in light of his previous statements [admitting guilt] at the change of plea hearing").

Mr. Miller further argues that he unknowingly entered his guilty plea at the change of plea hearing (1) because he was served with divorce papers before the hearing, (2) because of his ADHD, which had been untreated since 2023, and (3) because defense counsel told him he needed do so.  Aplt. Br. at 22–27.  But the district court considered and rejected these claims below.  I R. 115–17.  The record supports the district court's exercise of discretion to conclude that Mr. Miller's assertion of innocence was not credible, and we see no reason to disturb that determination.[2]  That Mr. Miller testified at the withdrawal of plea hearing, together with the fact that we afford significant deference to the district court's findings on

---

[1] Mr. Miller does not challenge the Rule 11 proceeding on appeal.  Oral Arg. at 11:36–11:43.

[2] Mr. Miller reminds us that he entered his guilty plea before a magistrate judge, but it was the district court judge who heard his testimony at the withdrawal of plea hearing; accordingly, he contends that we are "in the same position as the district court was in reviewing [the change of plea] hearing transcript."  Aplt. Br. at 18.  That may be true, but it does not affect our analysis.  There is nothing to indicate that Mr. Miller's testimony before the magistrate judge was not credible, particularly in light of the Rule 11 colloquy.  Regardless, Mr. Miller testified at the withdrawal of plea hearing, so the district court had the opportunity to assess Mr. Miller's credibility for itself.

witness credibility, United States v. Kearn, 90 F.4th 1301, 1311 (10th Cir. 2024), strengthens our conclusion. Simply put, Mr. Miller's mere "protestation[] of innocence" despite already admitting guilt is not enough to swing this factor in his favor. Hickok, 907 F.2d at 985 n.2.

### 2. Ineffective Assistance of Counsel.

We next consider whether Mr. Miller experienced ineffective assistance of counsel. Ineffective assistance claims brought on direct appeal "are presumptively dismissible" because they should be brought in collateral proceedings instead. United States v. Sanchez-Leon, 764 F.3d 1248, 1261 (10th Cir. 2014) (citation modified). We only address such claims on direct appeal in rare circumstances, namely "when the . . . claim is fully developed in the record." Id. (citation modified).

Mr. Miller does not dispute that we are unable to review his ineffective assistance claim due to an underdeveloped record. See Aplt. Br. at 29. Instead, he argues that the district court erred because it conclusively determined without a fully developed record that Mr. Miller did not suffer from ineffective assistance of counsel, so we should reverse the district court's decision. Id. at 29–30. But in its order, the district court simply noted, based on the limited record, that it could not conclude that Mr. Miller's counsel was deficient. I R. 117–18. We do not think that the district court erred, particularly given that it must address this Gordon factor to properly rule on Mr. Miller's motion. See, e.g., Byrum, 567 F.3d at 1264–65. Because "we have little more than [Mr. Miller's] allegations about what defense

counsel said or did[,]" the record is not fully developed; therefore, we decline to address this factor. Sanchez-Leon, 764 F.3d at 1261.

### 3. Knowingness and Voluntariness of the Plea.

Finally, we address whether Mr. Miller entered his guilty plea knowingly and voluntarily. To do so, he must have had "a full understanding of what the plea connote[d] and of its consequence[s]." Marceleno, 819 F.3d at 1276 (citation modified). Mr. Miller argues that his plea was not knowing and voluntary because receiving his divorce papers and his untreated ADHD caused his mind to be "all over the place[.]" Aplt. Br. at 30–31 (citation modified). The district court rejected these claims because "the record [did] not indicate that [he] had any trouble understanding the consequences of pleading guilty[,]" and because "he repeatedly affirmed his soundness of mind, his desire to plead guilty, and his culpability for the offense charged." I R. 119. Having reviewed the record, we see no reason to conclude otherwise. See United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir. 1999).

Because the district court did not err in finding that the first, fifth, and sixth factors all weigh against Mr. Miller, we need not address the other Gordon factors. Marceleno, 819 F.3d at 127. The district court did not err in holding that Mr. Miller failed to establish "a fair and just reason for withdrawing [his] guilty plea." Sanchez-Leon, 764 F.3d at 1261.

### B. Reasonableness of Sentence.

Mr. Miller also challenges his sentence, contending that it was procedurally and substantively unreasonable. Aplt. Br. at 35–45. Again, we disagree.

When assessing reasonableness, we apply a two-step inquiry, reviewing for procedural and then substantive reasonableness. United States v. Vazquez-Garcia, 130 F.4th 891, 897 (10th Cir. 2025). In assessing procedural reasonableness, we ask whether the district court erred "in calculating or explaining the sentence." Id. (citation modified). In assessing substantive reasonableness, we ask "whether the length of the sentence is reasonable given all the circumstances of the case in light of the . . . 18 U.S.C. § 3553(a)" factors. Id. (citation modified). We apply a deferential abuse-of-discretion standard, meaning that we will only reverse if the district court relied on clearly erroneous findings of fact or incorrect conclusions of law, or if the sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Rocha, 145 F.4th 1247, 1260 (10th Cir. 2025) (citation modified).

Applying U.S.S.G. § 2G2.1, Probation calculated Mr. Miller's total offense level at 42. II R. 448–49. With a criminal history category of I, his recommended guideline range would have been 30 years to life. Id. at 450, 454. However, because the statutory maximum of 30 years was less than the maximum possible guideline sentence, his recommended sentence was 30 years. Id. at 454; 18 U.S.C. § 2251(e); U.S.S.G. § 5G1.1(c)(1). Mr. Miller argued for a downward variance and that he should be sentenced to the statutory minimum of 15 years, while the government argued for the statutory maximum. I R. 120–35, 137–39; IV R. 9–10, 12. In support, Mr. Miller presented national statistics showing that, over the last five years, the average and median sentences for defendants sentenced under U.S.S.G. § 2G2.1 with a criminal history category of I were 263 and 240 months respectively. I R. 123, 133.

At sentencing, the court adopted the PSR, rejected his request for a variance, and, after considering the guidelines and the § 3553(a) factors, sentenced Mr. Miller to the 30-year statutory maximum. IV R. 12–14.

Mr. Miller makes essentially the same arguments in support of his procedural and substantive unreasonableness challenges. He contends that his sentence was unreasonable because the court's discussion of the § 3553(a) factors was "conclusory" as it lacked any "meaningful" analysis of those factors and failed to explain "how it weighed them[.]" Aplt. Br. at 36–37, 43–44. He also argues that the court failed to adequately consider sentencing disparities among defendants, as required under § 3553(a)(6), because it failed to explain why it rejected the cited national statistics for similarly situated defendants. Id. at 38–40, 43–44.

We will not reverse a sentence if the district court "adequately explain[s] the chosen sentence in sufficient detail—including weighing the § 3553(a) factors in light of the unique facts of [the] case[.]" Rocha, 145 F.4th at 1273 (citation modified). "When imposing a within-Guidelines sentence, as the court did here, it must provide only a general statement of its reasons, and need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence." Sanchez-Leon, 764 F.3d at 1262. As for substantive reasonableness, where the district court imposes a sentence that is within the guideline range, it "is entitled to a rebuttable presumption of reasonableness on appeal." United States v. Sandoval, 959 F.3d 1243, 1246 (10th Cir. 2020) (citation

10

modified).  The defendant bears the burden of rebutting that presumption.  United States v. Lucero, 130 F.4th 877, 887 (10th Cir. 2025).

Having carefully reviewed the record, we conclude that the district court appropriately considered the § 3553(a) factors and discussed them with a sufficient degree of specificity while also taking into account the facts and circumstances specific to Mr. Miller.  See Rocha, 145 F.4th at 1273, 1277–78.  Thus, the district court did not err because it adequately explained Mr. Miller's sentence "in sufficient detail . . . for us to review its reasoning on appeal."  Id. at 1273.

Nor did the court err in its consideration of sentencing disparities.  National statistics "are not dispositive because they do not provide information into a defendant's individual history and characteristics[.]"  Lucero, 130 F.4th at 887.  In fact, "[w]here the district court gives an otherwise sufficient explanation for the imposed sentence, bare national statistics without specific comparators cannot defeat the sufficiency of the district court's explanation."  United States v. Guevara-Lopez, 147 F.4th 1174, 1187 (10th Cir. 2025) (citation modified).  As discussed, the district court provided an adequate explanation for its sentence, and Mr. Miller did not and does not now point to any specific examples or comparators.

Finally, Mr. Miller does not point to anything in the record to suggest that he has satisfied his burden of rebutting the presumption of substantive reasonableness of his sentence.[3]  See Lucero, 130 F.4th at 887–88.

_____

[3] Mr. Miller also argues, for preservation purposes only, that his sentence was substantively unreasonable because U.S.S.G. § 2G2.1 was not the "product of . . . an

The district court did not abuse its discretion in imposing Mr. Miller's sentence.

**AFFIRMED.**

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

empirical, evidence-based approach." Aplt. Br. at 40–43. But as he acknowledges, id. at 43, this argument is foreclosed by our precedent, including United States v. Grigsby, 749 F.3d 908, 910–11 (10th Cir. 2014), see United States v. Adams, No. 22-2071, 2023 WL 3266822, at *3–4 (10th Cir. May 5, 2023).