**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TED JOSEPH VALDEZ,

    Defendant - Appellant.

No. 24-2025

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:23-CR-01488-MIS-1)**
_____

Kurt J. Mayer, Assistant Federal Public Defender, Albuquerque, New Mexico for Defendant-Appellant Ted Joseph Valdez.

Tiffany L. Walters, Assistant United States Attorney, Albuquerque, New Mexico (Alexander M.M. Uballez, United States Attorney, with her on the brief) for Plaintiff-Appellee United States of America.
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

**CARSON**, Circuit Judge.
_____

    Although the United States Sentencing Guidelines give district courts an advisory imprisonment range when sentencing a defendant, it is exactly that: advisory. We reiterate our longstanding holding that the Guideline-imprisonment

range is not mandatory. If the district court determines that a within-guidelines sentence will not accomplish the sentencing's goals, it may impose a substantively reasonable sentence outside the Guideline-imprisonment range so long as it offers significant explanation.

Here, the district court sentenced Defendant Ted Joseph Valdez to twenty-four months' imprisonment when his Guideline-imprisonment range was four to ten months' imprisonment. The district court thoroughly explained the 18 U.S.C. § 3553(a) factors and gave Defendant a sentence well within the bounds of permissible choice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Defendant worked in South Dakota on solar windmills. He was in a serious car accident and claims he sustained a traumatic brain injury. After the accident, he moved to Mexico and worked at a food stand for less income. He accepted an offer to drive two aliens from southern New Mexico to another part of the southwest. He transported them in his own vehicle.

A border patrol agent followed Defendant's truck for twenty-seven miles. Defendant crossed road lines and varied his speed from forty-five to seventy miles per hour. Defendant immediately pulled over when signaled. Defendant confessed at the border patrol station that he'd been asked to pick up the two immigrants, whom he knew to be illegally in the United States, and take them further into the country for $1,000.

2

Defendant pleaded guilty to an information. He admitted at the guilty-plea hearing that he conspired with others to transport two aliens inside the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Defendant's base offense level for alien transporting was 12. U.S.S.G. § 2L1.1. In drafting Defendant's Presentence Report, United States Probation and Pretrial Services ("Probation") applied no aggravating offense characteristics. Probation subtracted two levels because Defendant had a minor role in the conspiracy. It subtracted another two levels for acceptance of responsibility. This resulted in a total offense level of 8 and a criminal history of II. The Guidelines calculations recommended an imprisonment range of four to ten months, and placement in Zone B.

Defendant requested a time-served sentence of six months. The government requested a high-end sentence.

The district court sentenced Defendant to twenty-four months' imprisonment and thoroughly explained the § 3553(a) factors. It considered all of Defendant's arguments and that the government did not offer him a Fasttrack plea. The district court did not consider the underlying facts of any of the prior arrests. It considered Defendant's work history, health issues, and family issues. And then, the district court considered the following § 3553(a) factors: the nature and circumstances of the offense and the history and characteristics of the defendant. The district court said that Defendant conspired to transport undocumented people within the United States, going seventy miles per hour in a fifty-five-mile per hour zone. Defendant had multiple prior convictions, some of which were recent. The district court looked at

his false-reporting case, spousal-assault case, and two DWIs. Defendant's explanations for his prior criminal history troubled the district court, including that his wife didn't want to testify against him in the assault case and his explanations for his DWIs. The district court considered that at forty-four years of age, Defendant continued committing notable crimes, most recently at age forty-two. The district court considered the sentence's need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. The district court also considered the need to afford adequate deterrence to criminal conduct. The district court noted that other courts' prior lenient sentences did not deter Defendant from engaging in criminal activity. The district court considered the need to protect the public from Defendant's further crimes. The district court also considered the need to provide Defendant with educational/vocation training, medical care, and other correctional treatment.

The district court acknowledged the presumptively reasonable Guideline-imprisonment range of four to ten months but it explained that the specific facts of the case overcame the presumption. The district court found that no sentencing disparity exists in this case. And even if a disparity existed, Defendant's continuing criminal activity warranted his sentence.

Defendant objected. The district court inquired as to which part Defendant objected:

> Counsel: Regarding the explanation of the deviation from the guidelines.
> The Court: Of the what?
> Counsel: The deviation from the guidelines.

4

The Court: The upward variance?
Counsel: Yes, Your Honor
The Court: You want more of an explanation than going through every single 3553(a) factor?

The district court provided further support for its sentence. The district court said that the particular facts of the case warranted any disparity: a forty-four-year-old defendant who continues to commit crimes involving vehicles with two recent DWIs about which he had troubled explanations and another crime with a vehicle in which he exceeded the speed limit. Counsel then asked whether the upward variance was a result of the DWIs. The district court said, "no." The sentence resulted from consideration of all the 3553(a) factors.

On appeal, Defendant contends that the district court did not explain its sentence and how it complied with the statutory sentencing purposes in 18 U.S.C. § 3553(a). Defendant contends his sentence is substantively unreasonable because the district court accepted that his transporting offense was unremarkable and no enhancements applied. Thus, the Guideline-imprisonment range accurately accounted for the offense conduct. Defendant believes his criminal history is not uniquely problematic in relation to the transporting offense, so the variance was unreasoned and legally unsound. Finally, Defendant contends the district court failed to give any plausible ground for the "unwarranted" disparity its sentence created.

## II.

Defendant challenges his sentence's substantive reasonableness—an issue we review for abuse of discretion. United States v. Pena, 963 F.3d 1016, 1024 (10th Cir.

2020) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). We thus "give 'substantial deference' to the district court and will only overturn a sentence that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" Id. (quoting United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009)). This does not mean that we simply rubber stamp the district court's decision. Id. (citing United States v. Pinson, 542 F.3d 822, 836–37 (10th Cir. 2008)). Rather we "determine if the district court's proffered rationale, on aggregate, justifies the magnitude of the sentence." Id. (citing Pinson, 542 F.3d at 837).

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. (quoting United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)). If the district court decides that an outside-Guidelines sentence is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 1028–29 (quoting Gall, 552 U.S. at 50). On review, we "give due deference to the district court's decision that the 3553(a) factors, on a whole, justify the extent of the variance." Id. at 1029 (quoting Gall, 552 U.S. at 51).

For many years, our precedents have advised that the Guidelines are not mandatory. E.g., United States v. Martinez-Barragan, 545 F.3d 894, 901 (10th Cir. 2008) (acknowledging that because the Guidelines are only advisory, no mandatory requirements exist as to when a district court may sentence a defendant to an "above- or below-Guidelines sentence"); United States v. Booker, 543 U.S. 220, 245 (2005)

6

(concluding that the Guidelines are advisory and permitting courts to tailor sentences in light of other statutory concerns). The Guidelines are advisory because certain defendants deserve more or less time in prison based on their cases' individual circumstances. The district court here was justifiably concerned about several § 3553(a) factors and this individual defendant. It believed Defendant's past sentences were lenient and that those sentences failed to deter his criminal conduct. The district court expressed concern for public safety. Defendant had two DWIs and a record of failing to follow traffic laws. Defendant did not accept responsibility but made excuses for his prior convictions—as demonstrated by his exchange with the district court at the sentencing hearing.

Sentencing is not a one-size-fits-all for every crime. The district court's sentencing decision in this case was not some random, unthoughtful, unexplained sentence. The district court was thorough and considered the statutory-sentencing objectives. The district court's sentence was well-reasoned and within the bounds of permissible choice.

Defendant argues that the district court's variance unreasonably lacked grounding in the Guidelines' departure requirements. That argument lacks merit. The Guidelines set forth certain departures. A district court bases variances, unlike departures, entirely on the sentencing court's discretionary authority so long as the court considers the § 3553(a) factors and justifies its sentence based on them. United States v. Barnes, 890 F.3d 910, 920 n.1 (10th Cir. 2018).

Additionally, Defendant posits the district court erred by considering facts for which he contends the Guidelines already accounted such as his criminal history. But this argument lacks merit as well, because district courts may consider particular facts in fashioning sentences under § 3553(a), even when the advisory-Guidelines range already accounted for them. Id. at 921.

The Sentencing Commission removed "recency" points from a criminal history score. But that doesn't mean a district court cannot consider the timing of a defendant's convictions. Indeed, we affirm today what we've said in an unpublished opinion after the Sentencing Commission's change: the Guidelines do not necessarily "take into account the trends of a defendant's criminal conduct, either in terms of the recency or seriousness of that criminal conduct." United States v. Garrett, 2024 WL 2860071, at *2 (10th Cir. June 6, 2024) (unpublished). Thus, a court may vary upward based on recent and serious criminal conduct. Id.

Defendant also points to Judiciary Sentencing Information (JSIN) data for those sentenced under the same Guideline at the same offense level and criminal history category within the last five fiscal years to point out an alleged sentence disparity. We've held that "bare national statistics do not shed light on the extent to which the sentences that the statistics pertain to involve defendants that are similarly situated to [Defendant]." United States v. Garcia, 946 F.3d 1191, 1215 (10th Cir. 2020). Here, the JSIN statistics Defendant cites could not alone resolve the district court's concerns. The district court carefully considered the Guidelines range and expressly considered the need to avoid unwarranted disparities.

8

In sum, the district court carefully addressed each of the 3553(a) factors, provided compelling reasons for its upward variance, and thereby maintained the connection between Defendant's conduct and the sentence imposed.  Pena, 963 F.3d at 1030.  Given the district court's detailed explanation of Defendant's sentence, he cannot meet his burden of showing the district court imposed an arbitrary, whimsical, or substantively unreasonable sentence.

AFFIRMED.