**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TONY TAHEED LEWIS,

    Defendant - Appellant.

No. 24-6095
(D.C. No. 5:23-CR-00454-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

After Tony Lewis pled guilty to one count of illegal possession of a firearm by

a felon, *see* 18 U.S.C. § 922(g)(1), the district court sentenced him to seventy-two

months' imprisonment.  Mr. Lewis appeals, arguing the sentence is substantively

unreasonable.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Lawton Police Department officers stopped Mr. Lewis early in the morning,

determined he did not have a valid driver's license, and searched his vehicle.  The

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

search uncovered, among other things, a loaded 9mm handgun.  Less than seven months earlier, officials released Mr. Lewis from prison, where he served a sentence for second-degree murder.

The Presentence Investigation Report ("PSR") calculated a guideline sentencing range of twenty-seven to thirty-three months' imprisonment.  Mr. Lewis objected to two paragraphs in the PSR regarding his potential connection to a drive-by shooting and armed robbery, and the district court sustained the objection and disregarded those incidents for sentencing-related purposes.  Before hearing argument from Mr. Lewis and the government on sentencing, the district court stated:

> Mr. Lewis comes before the Court for sentencing as a 33-year-old man who has completed a substantial term of incarceration in the Oklahoma Department of Corrections.  He has one child, about five months old.  He was arrested on August 11th of last year, detained by the federal court on October 2nd.  And he was found on August 11th with a chamber-loaded 9mm Taurus in his car in Lawton.  Those events from last summer, of course, unfolded against the backdrop of a relatively short but rather breathtaking criminal history, ignoring juvenile matters that occurred when the defendant was 15 years old.  We come to one juvenile matter that occurred when Mr. Lewis was 17 years old, discharge of a firearm in public, which involved the shooting of a gun into an apartment complex.  And then we have, when the defendant was 19 years old, a conviction by a jury of murder in the second degree, as described in Paragraph 32 of the presentence report.  That speaks for itself.  And I'm just saying this preliminarily so that one side or the other can either applaud or push back.  That rather sobering criminal history speaks for itself.

> And I must say I've had a little contact with – as a volunteer – with the process by which individuals are released from incarceration and reintroduced into the community.  And I can't help but think, based on that experience, that Mr. Lewis had to have been told probably 20 times upon his release from the Department of Corrections that it's a felony to possess a gun.  And here we are, on the day in question in this

2

case, with Mr. Lewis in possession of a 9mm Taurus, chamber loaded. That is, in my view, potentially probative from several perspectives.

As everyone is well aware, a felon in possession conviction, to a large degree, is simply a blank slate on which the rest of the story is written. And even though the rest of the story in this case is short in terms of criminal history consisting of convictions — and I generally don't pay much attention to unadjudicated conduct — or conduct unadjudicated and not otherwise proven — I must say in this case the criminal history is rather telling, from the standpoint of the matters I'm required to take into account for sentencing purposes.

R. vol. 3 at 42:22–44:11. The government argued for a sentence "above the calculated guidelines," *id.* at 44:16. The court then heard from defense counsel and from Mr. Lewis before pronouncing its sentence, considering and applying the factors set forth in 18 U.S.C. § 3553 in detail, finding that "some of [the factors] cut rather strongly against Mr. Lewis and some . . . cut in his favor." *Id.* at 55:10–11.

In the course of considering the factors individually as they applied to Mr. Lewis, the court "conclude[d] that the advisory guidelines do not adequately account for the seriousness of the previous criminal conduct that is presupposed by Section 922(g)(1)." *Id.* at 56:14–17. The court concluded further that "incapacitation . . . is a predominant — certainly not the sole sentencing factor — but a predominant sentencing factor." *Id.* at 57:15–17. For that reason, the court concluded "it would be at the risk of the general population that I impose a sentence within the guidelines . . . on an individual who comes before the Court with a second-degree murder conviction, who then turned right around and possessed a gun last August." *Id.* at 57:24–58:3. The district court sentenced Mr. Lewis to 72 months'

3

incarceration and three years of supervised release and entered judgment. This appeal followed.

Mr. Lewis argues his sentence was substantively unreasonable. We review the substantive reasonableness of a decision for abuse of discretion. *United States v. Pena*, 963 F.3d 1016, 1024 (10th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). In so doing, "we give substantial deference to the district court and will only overturn a sentence that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted). But "we should not just provide a rubber stamp of approval to the lower court's sentence." *Id.* So, we "must determine if the district court's proffered rationale, on aggregate, justifies the magnitude of the sentence." *Id.* (internal quotation marks omitted).

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted). "If the district court decides that an outside-Guidelines sentence is warranted, the court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Valdez*, 128 F.4th 1314, 1317 (10th Cir. 2025) (internal quotation marks omitted). And "[o]n review, we give due deference to the district court's decision that the 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 1318 (internal quotation marks omitted).

The district court acted within its discretion here. Mr. Lewis argues "[t]he only thing the district court relied upon to justify its upward variance was the fact of

4

[his] prior conviction." Aplt. Opening Br. at 3. Even if this were true,[1] "district courts may consider particular facts in fashioning sentences under § 3553(a), even when the advisory-Guidelines range already accounted for them." *Valdez*, 128 F.4th at 1318. And "a court may vary upward based on recent and serious criminal conduct." *Id.*

The district court carefully and thoroughly discussed the § 3553(a) factors and provided reasons for its upward variance. The resulting sentence was not "arbitrary, capricious, whimsical, or manifestly unreasonable," *Pena*, 963 F.3d at 1024 (internal quotation marks omitted), so we affirm the judgment of the district court.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[1] It is not. The court discussed Mr. Lewis's "relatively short but rather breathtaking criminal history, ignoring juvenile matters that occurred when [he] was 15 years old." R. vol. 3 at 43:5–7. This history included not only his prior murder conviction but also his juvenile adjudication at age 17 for shooting a firearm into an apartment complex and the very short amount of time elapsed between his release from prison after discharging his second-degree murder sentence and the conduct leading to his instant conviction.