FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN DAMONT THOMPSON,

    Defendant - Appellant.

No. 24-6230
(D.C. No. 5:24-CR-00161-PRW-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

This appeal involves the substantive reasonableness of a sentence.

The defendant (Mr. Stephen Thompson) was convicted of possessing a firearm after a felony conviction, possessing fentanyl with intent to distribute, and unlawfully possessing a machine gun. 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(o). The guideline

---

\* The parties do not request oral argument, and it wouldn't help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

range was 92 to 115 months, but the district court varied upward and sentenced Mr. Thompson to 180 months.

On appeal, Mr. Thompson argues that this sentence is substantively unreasonable, relying on his history of mental illness, low risk of recidivism due to his age, and lighter sentences for similar offenders. To address these arguments, we apply the abuse-of-discretion standard. *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). Under this standard, we will reverse the sentence only if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Pena*, 963 F.3d 1016, 1024 (10th Cir. 2020) (quoting *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009)).

The district court did not abuse its discretion because it

- appropriately considered the known circumstances in light of the statutory factors (18 U.S.C. § 3553(a)) and

- clearly articulated justifiable reasons for deviating from the advisory sentencing range.

*See United States v. Valdez*, 128 F.4th 1314, 1315 (2025) (acknowledging that the court can deviate from the guidelines "so long as it offers significant explanation"). For example, the court relied on the danger from Mr. Thompson's acts in

2

- driving under the influence,[1]

- possessing fentanyl, a "deadly and dangerous drug," and

- possessing a loaded Glock with a machine-gun switch.

R. vol. 3, at 45. In addition, the court pointed to Mr. Thompson's extensive criminal history.

He argues that recidivism was unlikely at his age, pointing to statistical data from the Sentencing Commission. But he failed to make this argument in district court or to flag this data. This failure is fatal, for the court couldn't abuse its discretion by declining to consider an argument or data that hadn't been presented. *See United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022) (stating that "we evaluate the district court's exercise of discretion based on the information presented at the time of the ruling"); *United States v. Hernandez*, 104 F.4th 755, 762 (10th Cir. 2024) (stating that "the district court had to exercise its discretion based on the contentions and information presented").

---

[1]    Mr. Thompson says what happened:

> [He] was driving while under the influence of narcotics when he became unresponsive and his vehicle went through a red light and collided with another vehicle. The other vehicle contained an adult and two children.

Appellant's Opening Br. at 4 (citing R. vol. II, at 33).

3

Mr. Thompson also argues that the Sentencing Commission's data shows lighter median sentences in similar circumstances. But again, Mr. Thompson didn't present this data to the district court; and the court couldn't abuse its discretion by disregarding an argument or data that hadn't been present. *See* p. 3, above.

Finally, Mr. Thompson argues that inadequate consideration was given to his mental-health problems. But the court did consider these problems, discounting them for two reasons:

1.  Mr. Thompson had denied mental-health issues.

2.  The only evidence of such problems had consisted of a sibling's recollection of a diagnosis of schizophrenia, and Mr. Thompson might not even have been aware of this diagnosis.

Given this explanation, we can't second-guess the district court's weighing of Mr. Thompson's mental-health problems. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

For these reasons, we conclude that the 180-month sentence was substantively reasonable.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4