FILED
**United States Court of Appeals
Tenth Circuit**

**March 11, 2026**

**Christopher M. Wolpert
Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUSTAVO ZAMORA-GUERRA,

    Defendant - Appellant.

No. 24-2173

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 2:24-CR-01062-MIS-1)**

_____

Submitted on the briefs:*

Violet N.D. Edelman, Assistant Federal Public Defender, Albuquerque, New Mexico for Defendant-Appellant Gustavo Zamora-Guerra

Tiffany L. Walters, Assistant United States Attorney, Albuquerque, New Mexico (Ryan Ellison, United States Attorney, with her on the brief) for Plaintiff-Appellee United States of America

_____

Before **HOLMES**, Chief Judge, **EBEL** and **CARSON**, Circuit Judges.

_____

**CARSON**, Circuit Judge.

---

   * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

When we review a sentence for substantive reasonableness, we examine the totality of the circumstances, which includes the extent of a variance the district court makes from the Guideline sentencing range.  Although we may presume a sentence within the Guideline range is reasonable, we do not presume a sentence is unreasonable when a district court varies from the Guideline range.  We review the sentence for abuse of discretion and give due deference to the district court's decision that the factors set forth in 18 U.S.C. § 3553(a) justify the extent of the variance.  Gall v. United States, 552 U.S. 38, 51 (2007).

The district court sentenced Defendant Gustavo Zamora-Guerra to twenty-four months' imprisonment when the sentencing guidelines advised a range of eight to fourteen months' imprisonment.  Whether we would have imposed that same sentence on Defendant makes no difference.  Instead, we must consider whether the district court thoroughly addressed the 18 U.S.C. § 3553(a) factors, provided compelling reasons for its upward variance, and gave Defendant a sentence well within the bounds of permissible choice.  Our jurisdiction arises under 28 U.S.C. § 1291.  We affirm.

I.

United States Border Patrol officers found Defendant hiding in brush near Sunland Park, New Mexico.  Defendant admitted to being a Mexican citizen with no legal authorization to enter the United States.  The government charged him with one count of

illegal reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b).  Defendant

entered into an 11(c)(1)(C) fast-track plea agreement.

The United States deported Defendant many times beginning in 2008.  He

accumulated three convictions for reentry of a removed alien between 2011 and 2014.

After re-entering the United States in 2013, Defendant stomped and kicked a four to six-

month-old horse in the head and abdomen several times and killed it.  He pled guilty to

animal cruelty but said that he was trying to stimulate breathing.  Defendant also

encountered law enforcement on several occasions, although those encounters did not end

in a criminal conviction.  To name a few, the encounters involved domestic violence,

possession of a controlled substance, driving while under the influence, possession of

drug paraphernalia, careless driving, and forgery.

Because his convictions were old, Defendant had a criminal history category of II.

With acceptance of responsibility and the fast-track plea, his total offense level was 8,

resulting in a Guideline range of four to ten months' imprisonment.  Before the

sentencing hearing, the district court announced that it might vary upward.

At the sentencing hearing, the government argued for a high-end sentence,

pointing out that Defendant received a twenty-one-month sentence for his last illegal

reentry offense and citing his criminal history, domestic violence allegations, and

pending charges for driving under the influence.  Defendant requested a sentence of

twelve to eighteen months, but alternatively, no higher than twenty-four months.  The

district court rejected the plea agreement and informed Defendant of his option to

withdraw his plea.  The district court asked him if he wanted to proceed with sentencing

or if he wished to consider it or talk to his lawyer.  Defendant chose to proceed to sentencing.

The district court sentenced Defendant to twenty-four months' imprisonment.  The district court noted that the Guideline range without the fast-track plea was eight to fourteen months' imprisonment and said that Defendant's "repeated violation of criminal law in the United States and his extreme cruelty to animals" warranted the above-Guideline sentence.  The district court expressly considered: (1) All the § 3553(a) factors; (2) The government's request for a ten-month sentence; (3) All the arguments defense counsel and Defendant made; (4) The Guideline range; (5) That Defendant accepted responsibility and conserved resources with a fast-track plea; (6) That the criminal history is older; (7) Defendant's argument that the guideline range calculations have changed since Defendant's last reentry; (8) His conviction for cruelty to animals; (9) Defendant's explanation for his cruelty to animals conviction; (10) That Defendant said he understood he couldn't  be in this country without permission; (11) Defendant's request for twelve to eighteen months; (12) The reasons Defendant returned to the United States; (13) Defendant's situation in Mexico; (14) whether the sentence was sufficient but not greater than necessary to comply with the purposes of sentencing; (15) The nature and circumstances of the offense—that this is Defendant's fourth reentry; (16) Defendant's multiple prior felony convictions; (17) The history and characteristics of Defendant— including his criminal history, his family situation, his children, and more that was in the presentence report; (18) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (19) That this was

a serious offense and that Defendant has not shown respect for the law; (20) the need to afford adequate deterrence to criminal conduct, noting that Defendant has not been previously deterred; (21) That courts have convicted him of this crime multiple times but he continues to commit serious crimes in the United States; (22) The need to deter the greater population of people who continue to violate laws; (23) The need to protect the public from serious crimes; (24) The kinds of sentences available and the sentencing range; (25) All United States Guideline policy; and (26) The need to avoid unwarranted sentencing disparity (and the fact that no one argued that an upward variance would create a sentencing disparity).[1]

Defendant appealed.

## II.

## A.

Defendant challenges his sentence's substantive reasonableness.  But before addressing the merits, we address the government's contention that Defendant waived this claim.  Because Defendant requested a sentence of twelve to eighteen months but alternatively asked the court not to exceed twenty-four months, the government posits Defendant invited the sentence that he's appealing.

True, Defendant asked the court to impose a sentence not exceeding twenty-four months.  But Defendant also argued for a lower sentence.  In support of

---

[1] The district court said if a sentencing disparity exists among defendants with similar records who have been found guilty of similar conduct, it found that Defendant's repeated violation of criminal law in the United States and his extreme cruelty to animals warranted it.

its waiver argument, the government cites United States v. Mancera-Perez, 505 F.3d 1054, 1057 (10th Cir. 2007).  In Mancera-Perez, we deemed the defendant's substantive-reasonableness argument waived when the defendant did not argue for a shorter sentence in front of the district court and agreed that the sentence was reasonable.  Id. at 1058.  That's not the case here.  Defendant asked for a substantially lower sentence, and he never agreed that twenty-four months was reasonable.  He asked that the district court not exceed twenty-four months.  He, therefore, did not invite the sentence he now appeals.

B.

Turning to the merits, we review a challenge to substantive reasonableness for abuse of discretion.  United States v. Valdez, 128 F.4th 1314, 1317 (10th Cir. 2025) (citing United States v. Pena, 963 F.3d 1016, 1024 (10th Cir. 2020)).  We give the district court's sentencing decision substantial deference and "will only overturn a sentence that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'"  Id. (quoting Pena, 963 F.3d at 1024).  Our decision is by no means a rubber stamp for the district court's decision.  Id.  Instead, we examine whether "the district court's proffered rationale, on aggregate, justifies the magnitude of the sentence."  Id.

In 2025, we issued seven particularly relevant decisions that set forth the parameters of the district court's discretion at sentencing.  We started with Valdez, 128 F.4th at 1314.  There, we covered the basic concept of substantive reasonableness—"whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  Id.

6

at 1317. District courts may decide a defendant's circumstances warrant an outside-Guidelines sentence. Id. When doing so, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. (citing Pena, 963 F.3d at 1028–29). On appeal, we "give due deference to the district court's decision that the 3553(a) factors, on a whole, justify the extent of the variance." Id. at 1318 (quoting Pena, 963 F.3d at 1029). We reiterated the discretionary nature of the Sentencing Guidelines and the fact that sentencing is not a one-size-fits-all for every crime. Id. The district court sentenced the defendant to twenty-four months' imprisonment when his Guideline range was four to ten months. Id. at 1315. We upheld this variance of over twice the high end of the Guideline range. Id. at 1316.

Next, we issued United States v. Lucero, 130 F.4th 877 (10th Cir. 2025). In Lucero, the district court sentenced a defendant to the statutory-maximum 120-month sentence when his Guideline range was fifty-seven to seventy-one months' imprisonment. Id. at 881–82. The defendant contended that the district court improperly relied on relevant conduct and his prior criminal history, which the Guidelines already accounted for in his Guideline range. Id. at 884. We explained that district courts have broad discretion to consider particular facts in fashioning a sentence, even when the Guideline-range sentence already accounts for those facts. Id. (quoting United States v. Barnes, 890 F.3d 910, 921 (10th Cir. 2018)).

One day later, we published a third decision—United States v. Vazquez-Garcia, 130 F.4th 891 (10th Cir. 2025). There, the district court sentenced

7

the defendant to forty-eight months imprisonment when his Guideline range was twenty-four to thirty months, basing its sentence largely on the defendant's prior child-abuse conviction. Id. at 896. On appeal, we rejected the defendant's argument that the district court's emphasis on the prior child-abuse conviction rendered his sentence substantively unreasonable. Id. at 901. Importantly, we noted that the district court explained why the acts underlying the child-abuse conviction were relevant to multiple § 3553(a) factors. Id. at 903.

Fourth, we decided United States v. Cortez, 139 F.4th 1146 (10th Cir. 2025). In Cortez, we reiterated our earlier holdings and concluded the district court did not abuse its discretion in imposing a sixty-month sentence when the defendant unlawfully reentered the United States for the third time following a series of convictions for violent crimes. Id. at 1154–56. The defendant's Guideline range was twenty-one to twenty-seven months' imprisonment. Id. at 1149. In short, we concluded that the district court imposed a reasonable sentence in view of the totality of the circumstances as those circumstances bore upon the § 3553(a) factors. Id. at 1156.

Fifth, we issued United States v. Guevara-Lopez, 147 F.4th 1174 (10th Cir. 2025), where we addressed an apparent tension involving the role of statistics in our substantive-reasonableness review. Earlier in Valdez, we noted our past holdings that "bare national statistics do not shed light on the extent to which the sentences that the statistics pertain to involve defendants that are similarly situated to [Defendant]." 128 F.4th at 1319 (citing United States v. Garcia, 946 F.3d 1191, 1215

8

(10th Cir. 2020)).  We said in Valdez that the Judiciary Sentencing Information

("JSIN") data the defendant cited could not alone resolve the district court's concerns

about him as an individual defendant.  Id.

In Guevara-Lopez, we concluded the district court abused its discretion in

imposing an above-Guideline sentence because it did not adequately explain its

reasons for sentencing above the guideline range.  147 F.4th at 1193.  We

distinguished Valdez, Cortez, and Garcia, noting that in those cases, the district court

adequately explained its reasons for the sentence imposed.  Guevara-Lopez, 147

F.4th at 1187.  We recognized that where the district court gives an otherwise

sufficient explanation for its imposed sentence, bare national statistics without

specific comparators cannot defeat the sufficiency of the district court's explanation.

Id. (citing United States v. Kelly, 359 F.3d 1302, 1305 (10th Cir. 2004)).  We

stressed that in situations where the district court fails to provide an adequate

explanation, JSIN statistics can heighten our concerns if they suggest the existence of

a significant disparity.  Id. at 1188.  And, because we concluded the district court did

not adequately explain its sentence, it abused its discretion.

Finally, in September 2025, we issued United States v. Doty, 150 F.4th 1351

(10th Cir. 2025) and United States v. Naranjo-Aguilar, 154 F.4th 1251 (10th Cir.

2025).  In Doty, the defendant faced a Guideline range of thirty-three to forty-one

months.  150 F.4th at 1355.  The district court sentenced Doty to ninety-six months'

imprisonment.  Id.  Doty argued that this sentence was substantively unreasonable

because the district court relied too heavily on the nature and circumstances of the

9

offense. Id. at 1356. We rejected this argument and explained that the district court's heavy reliance on the nature and circumstances of the offense was reasonable because the statutory factors do not necessarily bear equal weight. Id. (citing United States v. Cookson, 922 F.3d 1079, 1094 (10th Cir. 2019)). Doty also argued that the district court failed to consider the danger of unwarranted sentencing disparities. Id. He pointed to sixteen local cases and the national average for similar offenders. We recognized that the defendants in those sixteen cases were substantially different than Doty and acknowledged that the national average doesn't ordinarily shed light on whether other sentences involved similarly situated defendants. Id. at 1357–58. Particularly in Doty, the national average would not have cast doubt on the substantive reasonableness of his sentence because the district court explained its disparity. Id. at 1358.

In Naranjo-Aguilar, the district court imposed a within-Guideline sentence but Defendant argued that the national average for sentences involving the same offense level and criminal-history category showed his sentence was substantively unreasonable. 154 F.4th at 1260. We again said that a national average doesn't ordinarily shed light on substantive reasonableness although it might be pertinent based on certain factors. Id. (quoting Valdez, 128 F.4th at 1319). But we held those factors were absent because the defendant's criminal-history category was the same as the defendant in Valdez, the defendant's sentence fell below the statutory maximum, the district court didn't impose a variance, and no party suggested the district court relied on incorrect facts. Naranjo-Aguilar, 154 F.4th at 1261.

10

With this law in mind, we turn to Defendant's arguments that the district court abused its discretion by imposing a substantively unreasonable sentence. Defendant argues both that the district court varied upward without compelling justification and that the sentence is a true outlier, creating an acute risk of unwarranted disparities. We address each argument in turn.

1.

Defendant first argues that the district court varied upward without compelling justification. He begins by contending that the district court neglected to consider § 3553(a)(4)—the kinds of sentences available, the sentencing range, and United States guidelines policy—at all. He next asserts that the district court did not explain how its sentence related to his Guideline range and also challenges the fact that the district court announced its sentence before stating that the Guideline range was eight to fourteen months.

We disagree. First, the district court expressly considered § 3553(a)(4). Despite this express statement, Defendant contends that the district court did not explain how the sentence it chose related to his Guideline range. Not so. The district court carefully discussed each § 3553(a) factor, providing an exceedingly detailed explanation as to the factors and why it chose the sentence that it did, including Defendant's criminal history and his explanation of his criminal history.[2]

---

[2] During the sentencing hearing, Defendant attempted to minimize his criminal history—particularly his conviction for extreme cruelty to animals. The district court apparently found his explanation unpersuasive and determined that Defendant deserved a lengthier sentence than advised by the guidelines.

Defendant next asserts that the district court erred by failing to acknowledge Defendant's sentencing range until after it imposed the sentence. Defendant speculates that because of this, the district court may have been considering a different Guideline range, such as twelve to eighteen months. According to Defendant, the district court "appears to have assumed that he would lose the benefit of the 2-level reduction for acceptance of responsibility." This argument appears to challenge the procedural reasonableness of his sentence.

Defendant did not raise this issue below, and his attorney at sentencing told the district court that he had no objection to the adequacy of the explanation for any portion of the sentencing. "When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." United States v. Bradley, 97 F.4th 1214, 1221 (10th Cir. 2024) (quoting United States v. Leffler, 942 F.3d 1192, 1196 (10th Cir. 2019)). Because Defendant did not argue for plain error, he waived this argument.

Even if we construe this "cart-before-the-horse" argument as one relating to substantive reasonableness, it is without merit. The district court simply announced its sentence first and then explained it. The district court correctly stated the Guideline range, and no one showed surprise or objected to the district court's calculation. And, the record shows that the district court never took Defendant's acceptance of responsibility out of the calculation. Defendant argued that the district court should consider a twelve to eighteen-month sentence and Defendant's attorney

12

said "That's taking away AOR—but he did AOR, in a way—taking away AOR and taking away the fast-track discount, your honor." The district court said that the Guideline range with the plea was four to ten months and without the plea was eight to fourteen months. Defendant's assertion that the court "very well may have been considering the 12–18-month range that would have applied had Mr. Zamora-Guerra gone to trial" is purely speculative and lacks support in the record. The district court committed no error.

Defendant next argues that to the extent the district court disagreed with the Guidelines, it did not explain its disagreement. The record again forecloses Defendant's position. The district court made clear that Defendant committed a serious offense and failed to show respect for the law. The district court then explained its disagreement with the Guideline range based on the individual characteristics of this defendant: "The Court is upward varying to afford adequate deterrence to criminal conduct. The defendant has not been deterred." Along with deterrence, the district court mentioned Defendant's criminal history, suggesting that his criminal history did not adequately consider his many prior convictions, the nature of the offense, and that a sentence of twenty-four months was sufficient, but not greater than necessary to comply with the statutory sentencing objectives.

Finally as to this point, Defendant asserts that none of the district court's considerations warrant the upward variance—nature of the offense; Defendant's history and characteristics; Defendant's recidivism risk; and the need to afford adequate deterrence. We consider each in turn.

13

Section 3553(a)(1) lists the nature and circumstances of the offense and the history and characteristics of the defendant as a factor for the district court to consider in sentencing. A district court may properly consider criminal history in assessing § 3553(a)(1). Vazquez-Garcia, 130 F.4th at 901(citing Barnes, 890 F.3d at 921). Defendant believes that neither the nature of the offense nor his history and characteristics justified the variance. He first contends that his crime was "run of the mill." Although Defendant's apprehension may be run of the mill, his three prior convictions for illegal reentry are not.

Defendant also argues that his Guideline range already accounted for his repeated reentry convictions. Asserting the district court erred in using the same facts that supported the Guideline § 2L1.2(b)(1)(A) enhancement to justify the upward sentence constitutes an attack on the procedural reasonableness of Defendant's sentence. See United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1222 (10th Cir. 2008) (stating that this type of objection with § 2L1.1(b)(8) is a procedural challenge). Defendant did not raise this procedural reasonableness argument below, so we may only review it for plain error. Id. (citing United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006)). But, because Defendant did not argue for plain error, he waived this forfeited argument. Even so, the argument lacks merit. District courts may consider particular facts in fashioning sentences under § 3553(a), "even when the advisory Guidelines range already accounted for them." Valdez, 128 F.4th at 1318 (citing Barnes, 890 F.3d at 921).

Defendant also posits that his criminal history is unrelated to the instant offense and that the district court is in essence, resentencing him for prior offenses. The multiple illegal reentry convictions, however, are relevant for the district court to consider and could indicate a likelihood of reoffending.

He also argues that his alleged animal-cruelty conviction cannot justify the "outsized variance" the district court imposed given its distance in time and lack of similarity. Defendant cites United States v. Lee, 974 F.3d 670, 681 (6th Cir. 2020), in support of his argument. In Lee, the Sixth Circuit reversed an upward variance based on past conduct where it said no meaningful relationship existed between the offense of conviction and the defendant's alleged likelihood of reoffending. Id. at 677. The district court sentenced Lee for possession of a stolen firearm. Id. at 674. The criminal history consisted of parole violations and a criminal-sexual-contact offense. Id. at 673–674. Unlike Lee, the conduct underlying Defendant's animal cruelty conviction is relevant to the seriousness of his illegal-reentry offense. "[T]he crime of illegal entry by an alien who has committed a violent felony is a serious one." Vazquez-Garcia, 130 F.4th at 902 (quoting United States v. Guerrero-Carreon, 566 F. App'x 643, 645 (10th Cir. 2014)). Defendant stomped on the horse, kicked it in the head and abdomen, and the horse died. The district court reasonably treated the violence underlying the animal-cruelty conviction as relevant to the seriousness of the offense of conviction. Id. at 903 (stating that the defendant's violent conduct and his evasive explanations for that conduct were relevant to his history and characteristics under § 3553(a)(1)). Nor is the 2013 animal-cruelty conviction too far

15

removed in time.  Id. (noting that the Lee court concluded the fifteen-year gap between the defendant's serious prior and his offense of conviction relevant).  Moreover, the presentence report listed an incident where Defendant's "common-law wife" called law enforcement to report domestic violence after Defendant threw picture frames at her and allegedly pushed her into a wall and lunged at her twice with a knife.  Law enforcement could not locate Defendant, and no one took additional action.

Next, Defendant contends that his Guideline range already accounts for his risk of reoffending in his criminal history points.  We reiterate that district courts may consider particular facts in fashioning sentences under § 3553(a), "even when the advisory Guidelines range already accounted for them."  Valdez, 128 F.4th at 1318 (citing Barnes, 890 F.3d at 921).  The district court said it considered that Defendant's criminal history was older.  And nothing prohibits the district court from looking at older criminal history that the criminal history points calculation excludes in determining the sentence for an individual defendant.  As the district court noted in sentencing, Defendant has violated this law many times before yet continues to violate the law undeterred.

That leads us into Defendant's argument that the need to afford adequate deterrence cannot justify the variance.  The district court said: "The Court is upward varying to afford adequate deterrence to criminal conduct.  The defendant has not been deterred.  Despite being convicted of this crime multiple times in the past, he continues to commit serious crimes in the United States."  Defendant believes this

statement fails to justify why a sentence within the Guideline range would not afford adequate deterrence. He cites studies for the proposition that longer sentences do not deter illegal reentry. The district court did not abuse its discretion here. It referenced Defendant's three prior illegal entry convictions and twenty-one-month sentence for his last illegal reentry conviction. The district court therefore properly considered this factor when varying upward from Defendant's Guideline range.

In reviewing the record, we conclude the district court carefully addressed each of the § 3553(a) factors and provided compelling reasons for its upward variance.

2.

Defendant next contends that the district imposed a true outlier sentence, creating an acute risk of unwarranted disparities. To support his argument, Defendant points to JSIN data. We first note that Defendant did not present this data to the district court. Guevara-Lopez allows us the discretion to take judicial notice of the data because it's publicly filed. 147 F.4th at 1187 n.7 (citing Stone v. High Mountain Mining Co., 89 F.4th 1246, 1261 n.7 (10th Cir. 2024)). "But even if we were to consider the new data, we [would] focus on what the parties had presented [in district court]; after all, the court couldn't abuse its discretion by failing to consider facts not presented." Doty, 150 F.4th at 1351 (quoting United States v. Faunce, 66 F.4th 1244, 1258 (10th Cir. 2023)) (quotation marks omitted).

Guevara-Lopez instructs us that JSIN statistics can heighten our concerns in situations where the district court fails to provide an adequate explanation. 147 F.4th

17

at 1188.  That's not the case here.  Where, as here, the district court makes an individualized assessment of the defendant and justifies the upward variance, bare national statistics that tell us nothing personalized about the defendant do not aid us. We conclude that the district court carefully examined each of the 3553(a) factors, provided compelling reasons for its upward variance, and maintained the connection between Defendant's conduct and the sentence imposed.  Pena, 963 F.3d at 1030. Because the district court provided a detailed explanation of Defendant's sentence and concluded that any sentencing disparity was warranted, he cannot meet his burden of showing the district court imposed an arbitrary, whimsical, or substantively unreasonable sentence.

   AFFIRMED.