**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS SLETTEN,

    Defendant - Appellant.

No. 25-1267
(D.C. No. 1:10-CR-00225-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

    Marcus Sletten admitted to a fourth violation of his supervised-release conditions. The district court revoked his supervised release and sentenced him to 24 months in prison. On appeal, Mr. Sletten contends the sentence is both procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 2011, Mr. Sletten pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to 100 months in prison followed by supervised release for life. Mr. Sletten started supervised release in April 2018. Since then, he has repeatedly violated his supervised release conditions, resulting in a cycle of release, violation, revocation, and incarceration.

### 1. Prior Revocations

In October 2018, the district court first revoked Mr. Sletten's supervised release. Mr. Sletten admitted that he (1) failed to register his email account with the police department and (2) violated the rules and restrictions at his sex offender treatment program. At the revocation hearing, the court determined the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") advisory range was 6 to 12 months in prison. It sentenced him to 10 months. The court then stated, "This defendant is going to be on supervised release for life, and the next time that there's a violation, it will be two years of a sentence, and after that if there's another violation it will still continue to be two years for each violation." Aplt. Suppl. ROA, Vol. 3 at 21-22. Mr. Sletten served the custodial sentence and resumed supervised release in June 2019.

In August 2019, the district court revoked Mr. Sletten's supervised release again. He admitted that he failed to follow his residential reentry center's rules. Despite the Guidelines range of 4 to 10 months in prison, the court sentenced him to

24 months, noting that "at [Mr. Sletten's] last revocation hearing I warned him that the next time he violated his supervised release it would be a two-year sentence." Aplt. Suppl. ROA, Vol. 3 at 43.  After completing his prison sentence, Mr. Sletten resumed supervised release in March 2021.

In June 2023, the district court again revoked Mr. Sletten's supervised release. Mr. Sletten admitted that he (1) failed to install monitoring software on his cellphone, (2) tested positive for alcohol, and (3) failed to provide drug-testing samples.  The court sentenced him to 18 months in prison, varying up from the 4-to-10 months Guidelines range.  Mr. Sletten resumed supervised release in July 2024.

**2.  Instant Revocation and Sentence**

In February 2025, Mr. Sletten's probation officer requested revocation of his supervised release for the fourth time, alleging that he (1) failed to comply with a search by refusing to provide the passcode to his smartphone; and (2) possessed an unauthorized and unmonitored smartphone.  Mr. Sletten admitted the violations.

After "consider[ing]" but rejecting the 4-to-10 months Guidelines range, the district court said it had "no data" that supported the Guidelines recommendation. ROA, Vol. 3 at 6-7.  It then instructed the parties to focus on the 18 U.S.C. § 3553(a) factors.

The Government requested 24 months in prison, the maximum statutory sentence for Mr. Sletten's revocation under § 3583(e)(3), and 55 years of supervised release.  Mr. Sletten's counsel did not request a specific sentence but argued that

incarceration would delay treatment that Mr. Sletten needed based on a recent autism diagnosis.

Before imposing a sentence, the district court addressed the § 3553(a) factors identified in § 3583(e) for supervised release revocations.[1]  Starting with the nature and circumstances of the offense and Mr. Sletten's history and characteristics under § 3553(a)(1), the court recognized his recent autism diagnosis and need for treatment but also considered that his supervised release violations "are many and repeated." ROA, Vol. 3 at 26.  And it noted that Mr. Sletten's underlying offense "victimizes the most vulnerable people in our society." *Id.* at 27.

Turning to § 3553(a)(2)'s need-for-the-sentence factor, the district court said "protection of the public" was "one of [its] primary considerations" because "[r]ecidivism is abounding in this case." *Id.*; *see* 18 U.S.C. § 3553(a)(2)(C).  Noting that this was Mr. Sletten's fourth violation, it said supervised release has been "an utter failure to correct this behavior." ROA, Vol. 3 at 26.  The court expressed concern about Mr. Sletten's "repetition of violations" and "continued nonconformity"

---

[1] Under 18 U.S.C. § 3583(e)(3), "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision."

with his conditions. *Id.* at 27. Alluding to § 3553(a)(2)(B), the court said this case may serve "as a deterrent for others," *Id.* at 30.[2]

For the kinds of sentences available and the Guidelines sentencing range, § 3553(a)(4), the district court noted the two-year statutory maximum for Mr. Sletten's supervised release violations and reiterated its reason for rejecting the applicable Guidelines range. *Id.* at 28-29.

Addressing the need to avoid unwarranted sentence disparities under § 3553(a)(6), the district court noted that comparison was difficult and that "repeated violations of the conditions of supervised release have been regarded by this Court, and by others throughout the nation, as grounds for increased sentencing, not reduced sentences." *Id.* at 28.

---

[2] The district court briefly mentioned the need for "promotion and respect for the law and the provision of just punishment," ROA, Vol. 3 at 27, language from § 3553(a)(2)(A), which Congress omitted from the list of § 3553(a) factors for courts to consider in revoking supervised release under § 3583(e)(3). *See Esteras v. United States*, 606 U.S. 185, 195-97 (2025) (holding "[d]istrict courts cannot consider § 3553(a)(2)(A) when revoking supervised release"); *see United States v. Reyes*, No. 25-2144, 2026 WL 1004501, at *3 (10th Cir. Apr. 14, 2026) ("In *Esteras*, the Supreme Court held that a district court may not consider the factors in (a)(2)(A) when imposing a sentence for the violation of supervised release.") (unpublished).

It is not clear whether the district court was referring to Mr. Sletten's underlying child pornography offense, his serial supervised release violations, or both. In any event, Mr. Sletten does not challenge the court's passing reference to the words from § 3553(a)(2)(A), so we do not address it. *See United States v. Kimler,* 335 F.3d 1132, 1138 n.6 (10th Cir. 2003) ("We will not address issues not raised in the appellant's opening brief, especially where the arguments are based on authority that was readily available at the time of briefing.").

Unpublished cases cited in this order and judgment are not binding precedent, but we may consider them for their persuasive value. *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

The district court then revoked Mr. Sletten's supervised release and imposed a 24-month prison sentence followed by 55 years of supervised release. Mr. Sletten challenges his sentence on appeal as procedurally and substantively unreasonable.

## II. DISCUSSION

We review a district court's sentence for a violation of supervised release for reasonableness under an abuse of discretion standard. *See United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "When we review for reasonableness, our review 'includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence.'" *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1261 (10th Cir. 2018) (quoting *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008)).

### A. *Procedural Reasonableness*

### 1. Legal Background

"Our review of a sentence's procedural reasonableness 'focuses on the manner in which the sentence was calculated.'" *United v. Eddington*, 65 F.4th 1231, 1237 (10th Cir. 2023) (quoting *United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014)). "Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lawless,* 979 F.3d 849, 853 (10th Cir. 2020) (quotations omitted).

## 2. Analysis

On appeal, Mr. Sletten argues the district court procedurally erred by (1) wholesale rejecting the Guidelines, (2) imposing a predetermined 24-month sentence, and (3) inadequately explaining his sentence. *See* Aplt. Br. at 11-15. The Government argues Mr. Sletten forfeited and waived his procedural challenges. Aplee. Br. at 12-13. We agree.

It is "well-settled" that defendants must make a "contemporaneous objection to procedural errors" in district court. *United States v. Rocha*, 145 F.4th 1247, 1261 (10th Cir. 2025) (quoting *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007)). Procedural errors "that a party fails to raise before the district court are forfeited and, ordinarily, only may be reviewed for plain error." *Id.* "[W]here a defendant does not request plain-error review, we consider the procedural challenge waived." *Eddington*, 65 F.4th at 1240.

In district court, Mr. Sletten did not raise the procedural challenges he makes on appeal, so he has forfeited the arguments. *See, e.g.*, *United States v. Lucero*, 130 F.4th 877, 884 & n.4 (10th Cir. 2025) (defendant failed to preserve procedural challenge "because he did not object on procedural grounds after his sentence was imposed"). And because he fails to argue plain error on appeal, he has waived these challenges. *See* Aplt. Reply Br. at 7; *see, e.g.*, *Eddington*, 65 F.4th at 1243 ("[B]ecause Eddington has not argued for plain-error review, we treat the argument as waived"); *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument

on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise.").  We therefore do not address them.  *See United States v. Sumka*, 81 F.4th 1153, 1159 n.3 (10th Cir. 2023).

## B.  *Substantive Reasonableness*

### 1.  **Legal Background**

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (quotations omitted).  A sentence is substantively unreasonable when it "does not fairly reflect the relevant sentencing factors or circumstances of the defendant." *United States v. Maldonado-Passage*, 56 F.4th 830, 842 (10th Cir. 2022).  A within-Guidelines sentence "carries a presumption of reasonableness," but we "do not apply a presumption of unreasonableness to sentences outside the guidelines range." *United States v. Guevara-Lopez*, 147 F.4th 1174, 1184, 1195 (10th Cir. 2025) (quotations omitted).

We "review the substantive reasonableness of 'all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious,

whimsical, or manifestly unreasonable." *Guevara-Lopez*, 147 F.4th at 1184 (quoting

*Untied States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).

We afford "substantial deference to the district court" based on its "superior

position to find facts and judge their import under § 3553(a) in the individual case."

*Id.* (quotations omitted).  We do not require "the district court to rely on every factor

set forth in § 3553(a)."  *Rocha*, 145 F.4th at 1277.  Nor must district courts afford

"equal weight to each § 3553(a) factor."  *United States v. Cookson*, 922 F.3d 1079,

1094 (10th Cir. 2019).  We will uphold the sentence unless it "exceeds the bounds of

permissible choice, given the facts and the applicable law."  *United States v. Holt*,

161 F.4th 1253, 1267 (10th Cir. 2025) (quotations omitted).

## 2.  Analysis

Mr. Sletten argues his sentence is substantively unreasonable because the

district court conducted a "boilerplate" § 3553(a) analysis.  Aplt. Br. at 16.  The

Government contends that Mr. Sletten forfeited his substantive reasonableness

challenge.  Aplee. Br. at 22-23.  We conclude Mr. Sletten adequately preserved the

issue but fails to demonstrate his sentence is substantively unreasonable.[3]

a.  *Preservation*

In contrast to procedural errors, "when the claim is merely that the sentence is

unreasonably long, we do not require the defendant to object in order to preserve the

---

[3] Judge Federico concludes that Mr. Sletten did not preserve his substantive reasonableness challenge because he did not "advocat[e] for a shorter sentence" than the one he received.  *Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020).

issue." *United States v. Vasquez-Alcarez*, 647 F.3d 973, 976 (10th Cir. 2011) (quotations omitted). "To preserve a substantive reasonableness challenge, we only require that a defendant advocate for a shorter sentence than the one imposed." *United States v. Kaspereit*, 994 F.3d 1202, 1214 (10th Cir. 2021); *see Holguin-Hernandez v. United States*, 589 U.S. 169, 173-74 (2020) ("[W]here a criminal defendant advocates for a sentence shorter than the one ultimately imposed . . . [n]othing more is needed to preserve the claim that a longer sentence is unreasonable."). So long as the defendant does not invite the error or "affirmatively endorse[]" the sentence, he need not object to preserve a substantive-reasonableness argument. *United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007).

Mr. Sletten concedes that his argument in district court was "not a perfect or model claim" for a shorter sentence. Aplt. Reply Br. at 8. Although he did not request a particular sentence, he generally argued that "any sentence of incarceration" would "delay" his treatment and asked that "the delay related to any period of incarceration . . . be short given his situation." ROA, Vol. 3, at 19, 23. Under our forgiving preservation standard, he did enough to preserve a substantive reasonableness challenge. *See Guevara-Lopez*, 147 F.4th at 1190 n.13 ("[A] defendant fails to preserve a substantive-reasonableness argument only when he offers no argument for a lower sentence before the district court."); *Vasquez-Alcarez*, 647 F.3d at 976 n.1 (concluding a defendant's "plea for lenity" in district court was sufficient to preserve a substantive reasonableness challenge).

10

b.  *Merits*

Turning to the merits, Mr. Sletten has not shown the district court abused its discretion in applying the § 3553(a) factors or exceeded the bounds of permissible choice.

On appeal, Mr. Sletten contends the court did not offer "valid reasons" for varying upward to 24 months.  Aplt. Br. at 16.  He characterizes the court's reasons as "boilerplate."  *Id.*  We disagree.

At sentencing, the district court appropriately considered Mr. Sletten's personal circumstances, *see* § 3553(a)(1), including his need for treatment.  But it also was justifiably concerned about several other § 3553(a) factors, including his "repeated violations" and "continued nonconformity" with supervised release conditions, *see* ROA, Vol. 3 at 27-28, which posed a threat to public safety, *id.* at 27. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6).  Far from "boilerplate," Aplt. Br. at 16, the court identified particular facts and circumstances justifying the sentence.

Mr. Sletten does not challenge the district court's treatment of any particular factor or identify any specific errors.  Nor does he explain why a 24-month sentence is unreasonably long.  His general assertions do not show the district court's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Guevara-Lopez*, 147 F.4th at 1184.

Further, "it is not the job of an appellate court to review de novo the balance struck by a district court among the factors set out in § 3553(a)." *United States v.*

11

*Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008); *see Rocha,* 145 F.4th at 1277 ("[W]e

may not examine the weight a district court assigns to various § 3553(a) factors, and

its ultimate assessment of the balance between them, as a legal conclusion to be

reviewed de novo." (quoting *United States v. Smart*, 518 F.3d 800, 808 (10th

Cir.2008)).[4]

For an above-Guidelines sentence, "we 'must consider the extent of the

deviation and ensure that the justification is sufficiently compelling to support the

degree of the variance.'" *Guevara-Lopez*, 147 F.4th at 1184 (quoting *Gall*, 552 U.S.

at 51). Here, the district court's reliance on Mr. Sletten's repeated violations and the

corresponding public safety concerns was sufficient to support the 24-month

sentence.[5]

---

[4] Mr. Sletten blurs his procedural and substantive reasonableness arguments. He contends "for the same reasons that his sentence should be considered procedurally unreasonable, it should also be considered substantively unreasonable." Aplt. Br. at 16. Although "procedural reasonableness overlaps with substantive reasonableness 'when a challenge is based on the district court's explanation of the § 3553(a) factors,'" *Guevara-Lopez*, 147 F.4th at 1183 (quoting *United States v. Crosby*, 119 F.4th 1239, 1248 (10th Cir. 2024)), we do not allow defendants to shoehorn unpreserved procedural arguments into the substantive reasonableness framework, *see United States v. Ulibarri*, 737 F. App'x 410, 412-13 (10th Cir. 2018) (unpublished) ("Mr. Ulibarri's argument that the district court failed to explain the length of the sentence goes not to the substantive reasonableness of the sentence but instead to its procedural reasonableness, an argument he did not preserve in district court, and has waived because he does not argue for plain error on appeal." (citations omitted)).

[5] We have affirmed sentences above the applicable Guidelines range on many occasions as substantively reasonable. *See, e.g.*, *United States v. Valdez*, 128 F.4th 1314, 1316, 1318 (10th Cir. 2025) (holding upward variance to 24 months of imprisonment from Guidelines range of 4 to 10 months was substantively reasonable based on "concern for public safety"); *United States v. Steele*, 603 F.3d 803, 806, 809 (10th Cir. 2010) (holding upward variance to "18-months imprisonment" from Guidelines'

In sum, Mr. Sletten has not overcome the substantial deference we afford to the district court in fashioning an appropriate sentence.

### III.  CONCLUSION

We affirm Mr. Sletten's sentence.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

recommendation of 4 to 10 months was "patently reasonable" because this was defendant's second supervised release violation "in a fairly short time" and "recidivism is generally a reason for increased sentencing severity"); *United States v. Yazzie*, 757 F. App'x 772, 775 (10th Cir. 2018) (unpublished) (holding upward variance to "24-month prison sentence" from "applicable Guidelines range of 5 to 11 months" was justified by defendant's "repeated violations of the conditions of his supervised release").