**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JARDEL HUMBERTO DIAZ-
HERNANDEZ,

    Defendant - Appellant.

No. 24-2154
(D.C. No. 2:24-CR-00198-MIS-1)
(D. N.M.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

———————————————————

    Jardel Humberto Diaz-Hernandez appeals his 42-month prison sentence for illegally re-entering the United States, challenging the sentence as substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

———————————

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

Mr. Diaz-Hernandez is a citizen of Honduras who was removed from the United States twice in 2003. He later returned and in 2021 was convicted of sexual abuse in Texas and sentenced to two years in prison. After completing that prison term, he was again removed to Honduras in July 2023. He was apprehended in New Mexico four months later, in November 2023, and pled guilty without a plea agreement to unlawful re-entry, 8 U.S.C. § 1326(a) and (b).

A presentence investigation report (PSR) summarized Mr. Diaz-Hernandez's criminal history, which included the 2021 Texas conviction and a 2005 DWI. As for the former, the PSR stated an investigation concluded he sexually assaulted his minor step-granddaughter by inappropriately touching her, from 2018 to 2021, and the victim also told nurses he sexually penetrated her. The PSR further stated the investigation discovered Mr. Diaz-Hernandez allegedly sexually assaulted three other victims—the victim's mother and the mother's sister, and a second minor. As explained in the PSR, Mr. Diaz-Hernandez denied all allegations but pled guilty to one count of indecency with a child by contact.[1]

---

[1] Mr. Diaz-Hernandez did not object to the PSR, which indicated only that he was convicted. But at sentencing, defense counsel described the conviction as a "convenience plea." R., vol. 3 at 35. Mr. Diaz-Hernandez's opening brief and publicly available court records also indicate he was convicted pursuant to a guilty plea. *See United States v. Guinn*, 89 F.4th 838, 852 (10th Cir. 2023) (taking judicial notice of state court records from a defendant's prior convictions).

The PSR calculated an advisory Guidelines range of 15–21 months in prison. That range factored in an offense level increase based on Mr. Diaz-Hernandez's 2021 conviction under U.S. Sentencing Guidelines Manual § 2L1.2(b)(3)(B), which increases the offense level for illegal reentry by defendants with prior felony convictions. The PSR also summarized statistics from the Sentencing Commission's JSIN database showing that 12 months was the average and median length of sentences imposed on defendants with the same primary Guideline (§ 2L1.2), total offense level (13), and criminal history category (II).

Mr. Diaz-Hernandez did not object to the PSR but received a continuance to submit additional materials before sentencing. Based on those submissions, the probation office prepared an addendum. It stated one of the women Mr. Diaz-Hernandez allegedly sexually assaulted (the sister of the victim's mother) had recanted, stating she "doesn't remember everything she said but it was because she was mad and did not want to be home." Aplt. Opening Br. at 14 (internal quotation marks omitted). The addendum also stated the second minor he allegedly assaulted "did not make an outcry" when questioned by a caseworker. *Id.* (internal quotation marks omitted).

The district court advised the parties it was considering an upward departure or variance. Neither party filed a written sentencing memorandum. At the sentencing hearing, the government argued for a sentence at the top of the applicable Guidelines range. Mr. Diaz-Hernandez sought a within-Guidelines sentence. Regarding the 2021

conviction, defense counsel argued it was already accounted for in the Guidelines calculation, suggested Mr. Diaz-Hernandez had poor legal representation in state court and entered "a convenience plea," and urged that the retraction by the victims described in the PSR addendum "should speak volumes." R., vol. 3 at 35.

In his allocution, Mr. Diaz-Hernandez told the court he would not return to the United States because his 98-year-old mother and a sister with epilepsy needed him in Honduras. As to the district court's stated concern with his criminal history in the United States, he said, "I don't have any words regarding that." *Id.* at 33. When the judge asked why he would remain in Honduras given how quickly he had returned to the United States before, Mr. Diaz-Hernandez explained he left Honduras because he had been attacked, he "needed to provide medicine both for [his] sister and for [his] mother," and his wife lives in the United States and has a heart condition. *Id.* at 34.

The district court adopted the PSR and indicated the court had reviewed Mr. Diaz-Hernandez's submissions and the PSR addendum. The district court then imposed a 42-month prison sentence—an upward variance—under the 18 U.S.C. § 3553(a) factors. Responding to Mr. Diaz-Hernandez's arguments, the district court agreed the Guidelines range accounted for the 2021 conviction. The court also acknowledged the "possibility that the allegations [made by the victims] were false, even though there is a conviction." *Id.* at 36. Still, the district court emphasized how quickly Mr. Diaz-Hernandez illegally returned to the United States after the 2021 conviction. Addressing the JSIN statistics, it found they did not show any sentencing

4

disparity because the statistics grouped defendants with the same criminal history category but did not distinguish underlying conduct. In any event, it found any disparity warranted, since Mr. Diaz-Hernandez "committed two crimes in the United States, one . . . in 2021 against a vulnerable child, served two years, and then came back just four months later all the way from Honduras." *Id.* at 39.

The district court then asked if Mr. Diaz-Hernandez "ha[d] an objection to the adequacy of the explanation for any part of the sentencing?" *Id.* at 40. His counsel answered, "[n]ot of the explanations." *Id.* The district court entered judgment and filed a statement of reasons. Mr. Diaz-Hernandez timely appealed.[2]

## II.

Our review of the reasonableness of a sentence is "is a two-step process comprising a procedural and a substantive component." *United States v. Vazquez-Garcia*, 130 F.4th 891, 897 (10th Cir. 2025) (quoting *United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023)). Mr. Diaz-Hernandez challenges only substantive reasonableness, so this appeal asks only "'whether the length of the

---

[2] Mr. Diaz-Hernandez's counsel on appeal initially moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We denied that motion without prejudice after issuing our decision in *United States v. Guevara-Lopez*, 147 F.4th 1174 (10th Cir. 2025). His counsel then filed an opening merits brief arguing the sentence imposed is substantively unreasonable.

sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'"[3] *Id.* (quoting *Jackson*, 82 F.4th at 949).

"We review the substantive reasonableness of 'all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court properly engages in the required "'holistic inquiry of the § 3553(a) factors' . . . when it bases its decision on specific, articulable facts supporting the variance and does not employ an impermissible methodology or rely on facts that would make the decision out of bounds.'" *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018) (quoting *Lente*, 759 F.3d at 1174). For an above-Guidelines sentence, "we 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Guevara-Lopez*, 147 F.4th 1174, 1184 (10th Cir. 2025) (quoting *Gall*, 552 U.S. at 50). "A 'major'

---

[3] To the extent Mr. Diaz-Hernandez attempts to advance procedural reasonableness arguments, those are waived for failing to raise any such challenges in the district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating "significant procedural error[s]" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence"); *see also United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily . . . decline to review the issue at all—for plain error or otherwise.").

variance should have 'a more significant justification than a minor one.'" *Id.* (quoting

*Lente*, 759 F.3d at 1158).

"Even when a sentence falls 'outside the Guidelines range,' we must 'give

due deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent of the variance.'" *Vazquez-Garcia*, 130 F.4th at 900 (quoting *Gall*,

552 U.S. at 51). Doing so, "[w]e do not reweigh the [§ 3553(a)] sentencing factors

but instead ask whether the sentence fell within the range of 'rationally available

choices that facts and the law at issue can fairly support.'" *United States v. McCrary*,

43 F.4th 1239, 1249 (10th Cir. 2022) (quoting *United States v. Blair*, 933 F.3d 1271,

1274 (10th Cir. 2019)). "As long as the balance struck by the district court among the

factors . . . is not arbitrary, capricious, or manifestly unreasonable, we must defer to

that decision even if we would not have struck the same balance in the first instance."

*Id.* (brackets omitted) (quoting *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir.

2008)).

Our review, while deferential, does not "'just provide a rubber stamp of

approval to the lower court's sentence.'" *Guevara-Lopez*, 147 F.4th at 1184 (quoting

*United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020)). "[I]f the sentence is

outside the Guidelines range, [we] may not apply a presumption of

unreasonableness." *Gall*, 552 U.S. at 51. And "[w]e uphold even substantial

variances when the district court properly weighs the § 3553(a) factors and offers

valid reasons for the chosen sentence." *United States v. Lucero*, 130 F.4th 877, 887

7

(10th Cir. 2025) (brackets omitted) (quoting *United States v. Gross*, 44 F.4th 1298, 1304 (10th Cir. 2022)).

## III.

## A.

At the outset, we agree with Mr. Diaz-Hernandez that his sentence is "a major upward variance" which "must 'be supported by a more significant justification than a minor' variance." *Vazquez-Garcia*, 130 F.4th at 901 (quoting *Gall*, 552 U.S. at 50) (concluding a 48-month sentence was "a major upward variance" above the 24–30 month Guidelines range). But Mr. Diaz-Hernandez has not shown the district court abused its discretion in imposing the above-Guideline sentence. The record confirms the district court's sentencing decision was appropriately based on the § 3553(a) factors and the balance it struck among them was not manifestly unreasonable. The district court articulated specific facts relevant to the § 3553(a) factors that support its chosen sentence, *see Barnes*, 890 F.3d at 916, emphasizing Mr. Diaz-Hernandez's recent conviction for sexual abuse and the speed of his illegal return to the United States, *see Vazquez-Garcia*, 130 F.4th at 903 (holding the recency of an illegal re-entry defendant's prior conviction and the speed of his return were relevant to multiple § 3553(a) factors). We will affirm "even substantial variances" when, as here, the "district court properly weighs the § 3553(a) factors and offers valid reasons." *Lucero*, 130 F.4th at 887 (internal quotation marks omitted).

**B.**

Mr. Diaz-Hernandez's arguments for reversal are unpersuasive. Most raise

procedural issues he did not preserve for appeal. None show the district court abused

its discretion.

*First*, he argues his case "was nothing but a mine-run heartland case,"[4] such

that the district court failed to adequately explain why a significant upward variance

was warranted. Aplt. Opening Br. at 1. We disagree. District courts have "discretion

to vary based on the § 3553(a) factors even when an offense falls in the heartland of

similar offenses." *Vazquez-Garcia*, 130 F.4th at 899 (brackets and internal quotation

marks omitted).

*Second*, we see no shortcoming in the district court's explanation of the

sentence that would bear on substantive reasonableness. "[F]ailing to adequately

explain the chosen sentence," is a "procedural error." *Gall*, 552 U.S. at 51. We have

stated the distinction between procedural and substantive reasonableness may be

become "murky . . . when a challenge is based on the district court's explanation of

---

[4] To the extent Mr. Diaz-Hernandez argues the court failed to show why his case lies "outside the heartland," Aplt. Opening Br. at 21 (internal quotation marks omitted), this reflects a procedural argument that is both unpreserved and also not relevant because "a heartland analysis is required only when a district court *departs*, rather than varies, from the Guidelines range." *Vazquez-Garcia*, 130 F.4th at 899. Likewise, his claim the court disregarded certain § 3553(a) factors is procedural, not substantive. *See Gross*, 44 F.4th at 1303 ("[P]rocedural error is the 'failure to consider all the relevant factors,' "whereas substantive error is when the district court 'imposes a sentence that does not fairly reflect those factors'" (quoting *United States v. Sanchez-Leon*, 764 F.3d 1248, 1268 n.15 (10th Cir. 2014)).

the § 3553(a) factors." *Crosby*, 119 F.4th at 1248. There is nothing murky here. The district court explained its decision, explicitly weighing each § 3553(a) factor. Nothing in that explanation "hinder[s] our review of [the] sentence's substantive reasonableness." *Id.*

*Third*, Mr. Diaz-Hernandez suggests other facts in the record—including his reasons for returning to the United States and his two earlier removals—are typical of many illegal reentry cases. But he does not claim his 2021 conviction or the speed of his return were typical. And we will not reweigh the § 3553(a) factors to give greater weight to other potentially mitigating facts. *See McCrary*, 43 F.4th at 1249.

*Fourth*, he points to the difference between his 42-month sentence and the 12-month average and median sentences shown in the JSIN statistics. "JSIN statistics can heighten our concerns in situations where the district court fails to provide an adequate explanation." *United States v. Zamora-Guerra*, 169 F.4th 1026, 1036 (10th Cir. 2026). But the district court provided an adequate explanation, rejecting the persuasive value of the JSIN data because it did not account for individual conduct. We see no abuse of discretion. *See id.* ("Where . . . the district court makes an individualized assessment of the defendant and justifies the upward variance, bare national statistics that tell us nothing personalized about the defendant do not aid us.").[5]

---

[5] Mr. Diaz-Hernandez argues his case is like *Guevara-Lopez*, where we held the district court inadequately explained its sentence in light of an apparent

*Fifth*, Mr. Diaz-Hernandez relatedly emphasizes the size of the variance imposed, particularly as a percentage of the Guidelines range or JSIN average. But our precedents "rejec[t] . . . 'the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required.'" *Lente*, 759 F.3d at 1158 (quoting *Gall*, 552 U.S. at 47). So his argument does not show the sentence was substantively unreasonable.

*Sixth*, Mr. Diaz-Hernandez insists the district court should not have varied under the § 3553(a) factors based on a conviction already factored into his Guidelines range, or considered uncharged conduct described in the PSR. These are unpreserved procedural arguments. *See United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008) ("[U]se of an improper factor is reviewed for procedural unreasonableness."); *see also Vazquez-Garcia*, 130 F.4th at 900, 901 (affirming procedural and substantive reasonableness where district court varied upwards based on conviction also factored into Guidelines range).

*Finally*, Mr. Diaz-Hernandez argues the district court erred by employing an improper "sentencing template" or "script," and thus failed to provide a sufficiently "individualistic" sentencing decision. Reply Br. at 9, 10, 14 (capitalization altered). But even assuming this argument is relevant to the substantive reasonableness

---

sentencing disparity shown by JSIN statistics. We are not persuaded. In *Guevara-Lopez*, *no* other defendant in the JSIN comparator group had received any upward variance or departure, 147 F.4th at 1185, and the district court also "relied on incorrect facts to explain the extent of the variance," *id.* at 1188 n.9. Neither consideration is true here.

challenge, it is waived because Mr. Diaz-Hernandez first raised it in his reply brief. *See Lucero*, 130 F.4th 208 at 884 ("A district court commits a procedural sentencing error . . . if it fails 'to offer an individualized assessment of how the [ § 3553(a)] factors apply in a particular criminal defendant's case.'" (quoting *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013))); *see also United States v. Clay*, 148 F.4th 1181, 1201 (10th Cir. 2025) ("We . . . will not consider issues raised for the first time in a reply brief."), *cert. denied*, 2026 WL 642800 (Mar. 9, 2026).

## IV.

Because the district court did not abuse its discretion, we affirm.

Entered for the Court

Veronica S. Rossman
Circuit Judge